# Richmond.

LONDON-VIRGINIA MINING CO. v. MOORE AND OTHERS.

MARCH 29, 1900.

1. APPEAL AND ERROR—*Final Decree.*—An order sustaining a demurrer to a bill, and giving the plaintiff leave to amend in a specified time, does not settle the principles of the cause, nor is it a final order until the expiration of the time specified.

Appeal from a decree of the Circuit Court of Buckingham county, rendered July 31, 1899, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Appeal dismissed.*

The opinion states the case.

*D. Harmon* and *F. C. Moon,* for the appellant.

*A. W. Patterson* and *H. D. Flood,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The first question presented by the record involves the jurisdiction of this court.

The statute prescribing in what cases a petition for appeal, writ of error or supersedeas may be presented to this court, is as follows:

"Any person, who thinks himself aggrieved by an order in a controversy concerning the probate of a will, or the appointment or qualification of a personal representative, guardian, curator, or committee, or

concerning a mill, roadway, ferry, wharf, or landing; or any person, who is a party to any case in chancery wherein there is a decree or order dissolving an injunction, or requiring money to be paid; or the possession or title of property to be changed, or adjudicating the principles of a cause, or to any civil case wherein there is a final judgment, decree, or order, may present a petition, if the case be in chancery, for an appeal from the decree or order; and, if not in chancery, for a writ of error or supersedeas to the judgment or order" (Code 1887, section 3454), except where such appeal, writ of error, or supersedeas is prohibited by section 3455, as amended by Acts of 1887-'8, page 17.

Under this statute there can be no appeal in the case before us unless the decree complained of has adjudicated the principles of the cause, or finally disposed of it.

The cause was heard in vacation upon the bill and demurrer thereto, and the decree appealed from was entered sustaining the demurrer and giving the appellant leave to amend; providing further, "that unless the plaintiff shall amend the bill in sixty days from this date the same shall be dismissed at plaintiff's costs."

Without amending the bill, and before the expiration of the time allowed therefor, the plaintiff obtained an appeal to this court. We are of opinion that an order sustaining a demurrer to a bill, and giving the plaintiff leave to amend in a specified time, cannot be regarded as a final order, or as settling the principles of the cause, until after the time limited therein for the plaintiff to amend his bill has expired. This question was settled by this court in the case of *Commercial Bank of Lynchburg* v. *Rucker*, 24 S. E. R., p. 388. In that case, Judge Keith, speaking for the whole court, dismissed the appeal as improvidently awarded, upon the ground that this court had no jurisdiction to review a decree sustaining a demurrer and granting the plaintiff leave to file an amended bill.

The only distinction between the case cited of *Bank* v. *Rucker* and that under consideration is that, in the former, the decree sustained the demurrer, and continued the cause with leave to

file an amended bill, while in the latter, the decree sustains the demurrer and gives leave to file an amended bill in sixty days. This difference is not material. The question is not affected by the length of time the plaintiff has in which to file an amended bill, but by the fact that the right exists. As long as the privilege of filing an amended bill can be exercised, the decree is not final, and the rights of the parties have not been settled. In the case at bar, as already stated, until there has been a final decree, or one settling the principles of the cause, this court cannot take jurisdiction.

For these reasons, the appeal must be dismissed as improvidently awarded.

*Dismissed.*