### Wytheville.

#### GILLESPIE v. COLEMAN AND OTHERS.

##### JUNE 14, 1900.

1. APPEAL AND ERROR—*Final Judgment—Demurrer.*—A writ of error in an action at law lies only to a final judgment. Sustaining or overruling a demurrer to a declaration is not a final judgment. To make a judgment sustaining a demurrer final, there must be a judgment of dismissal.

Error to a judgment of the Circuit Court of Buckingham county, rendered October 27, 1898, in an action of debt, wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Writ of error dismissed.*

The opinion states the case.

*Camm Patteson* and *A. S. Hall,* for the plaintiff in error.

*H. D. Flood* and *E. W. Hubard,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The action of the court in sustaining demurrers to the plaintiff's original and amended declarations is complained of. The order of the court upon neither demurrer was final. In sustaining the demurrer to the original declaration, leave was given to amend, and, pursuant to that order, an amended declaration was filed. The court was of opinion that the amended declaration was not sufficient, and sustained the demurrer to it, but did not dismiss the case.

NOTE BY THE REPORTER—Judge Riely was *not* present when this opinion was delivered, but was present at the argument, participated in the conference, and concurred in the opinion after it was prepared.

Opinion.

From some chancery orders, although there is no final decree in the case, it is provided by statute that an appeal may be taken. Code, sec. 3454. But the statute makes no provision for a writ of error in an action at law until there is a final judgment. Code, sec. 3454.

The sustaining or overruling of a demurrer to a declaration is not final. To make it final in the former case, there must be a judgment of dismissal. See *Hancock* v. *R. & P. R. Co.*, 3 Gratt. 313; *Trevillian* v. *Louisa R. R. Co.*, 3 Gratt. 312; *Jeter* v. *Board*, 27 Gratt. 910; *Tucker* v. *Sandridge, &c.*, 82 Va. 532; 4 Minor's Inst., 1064-66 (3d ed.); 2 Amer. & Eng. Enc. Pl. & Pr., 114, &c., where authorities generally are collected.

From anything that appears in the record, this case is still pending in the trial court, and another amended declaration might be filed there, and further proceedings had in the case.

No final judgment having been rendered in the case, this writ of error must be dismissed as improvidently awarded.

*Writ of error dismissed.*