## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### C. W. BABER v. JOHN W. PAGE, ET AL.

November 15, 1923.

1. APPEAL AND ERROR—*Final Judgments and Decrees—Principles of the Cause—Section 6336 of the Code of 1919.*—Section 6336 of the Code of 1919, providing for an appeal from an interlocutory decree in equity "adjudicating the principles of a cause" does not apply to judgments at law, which, under the plain terms of the section, must be final to be appealable.

2. APPEAL AND ERROR—*Final Judgments and Decrees—Order Sustaining or Overruling a Demurrer.*—The sustaining or overruling of a demurrer to a declaration is not final. To make it final in the former case, there must be a judgment of dismissal.

Error to a judgment of the Circuit Court of Albemarle county, in a proceeding by motion for a judgment for damages. Judgment for defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*E. O. McCue* and *Curry & Curry*, for the plaintiff in error.

*Allen, Walsh & Michie* and *Albert S. Bolling*, for the defendant in error.

KELLY, P., delivered the opinion of the court.

This is a proceeding by notice of motion for judgment based upon alleged malicious prosecution. The defendants demurred to the original notice and the court sustained the demurrer, with leave to the plain-

tiff to amend. Thereupon the plaintiff filed an amended notice, the defendants again demurred, and the court entered the following order, to which this writ of error was awarded, to-wit:

"This day came again the parties by their attorneys, and the written demurrer with grounds therefor to the amended notice and each count thereof heretofore filed being fully argued, the court upon full consideration doth sustain the demurrer to the notice and each count thereof, with leave, however, to plaintiff to amend if he be so advised."

[1] The defendants in error moved to dismiss the writ as improvidently awarded, on the specific ground that the foregoing order did not constitute a final judgment. The demurrer raised questions both of form and substance, and the order complained of does not indicate the ground or grounds upon which the court based its action; but even if it appeared that such action was based solely upon the theory that the notice was insufficient in substance, the motion to dismiss would have to be sustained. The statute, section 6336 of the Code, provides for an appeal from an interlocutory decree in equity "adjudicating the principles of a cause," but this provision does not apply to judgments at law, which, under the plain terms of the section referred to, must be final to be applicable.

[2] In *Gillespie* v. *Coleman*, 98 Va. 276, 36 S. E. 377, the lower court sustained a demurrer to a declaration, but did not dismiss the case. A writ of error was granted and subsequently dismissed by this court as improvidently awarded, Judge Buchanan, who delivered the opinion of the court, saying: "From some chancery orders, although there is no final decree in the case, it is provided by statute that an appeal may be taken. Code, section 3454 (now section 6336). But the statute makes no provision for a writ of error

in an action at law until there is a final judgment.
Code, section 3454 (now section 6336)    *    *    .    The
sustaining or overruling of a demurrer to a declaration
is not final.    To make it final in the former case, there
must be a judgment of dismissal (citing authorities)
*    *    *.    From anything that appears in the record,
this case is still pending in the trial court, and another
amended declaration might be filed there and further
proceedings had in the case."    See also to substantially
the same effect, *London-Virginia Mining Co.* v. *Moore*,
98 Va. 256, 35 S. E. 722; *Commercial Bank of Lynchburg* v. *Rucker*, 2 Va. Dec. 350, 24 S. E. 388; *White* v.
*C. & O. Ry. Co.*, 26 W. Va. 800.

The case of *Clintwood Coal Corporation* v. *Turner*,
133 Va. 464, 469, 114 S. E. 117, 119, relied upon by the
plaintiff in error, is not in any way in conflict with the
authorities above cited.    That was a chancery suit in
which the lower court had entered a decree refusing to
grant an injunction and there was a motion to dismiss,
on the ground that no appeal lies from such a decree.
The motion was overruled, this court holding, as accurately stated by the reporter in the first head-note
to that case, as follows:    "Where the court and the
parties understood that the case was submitted for a
decree upon the merits, no further proof being contemplated, and the court took the case 'for final determination' pursuant to an agreed decree formerly entered in
the cause, a decree that the complainant was not entitled to the injunction prayed for necessarily adjudicated the principles of the cause, and was clearly appealable under Code of 1919, section 6336, notwithstanding
that through inadvertence or otherwise the decree failed
to dismiss the bill at complainant's costs."

The writ of error is dismissed as having been improvidently awarded.

*Dismissed.*