HARRY L. BIBBER AND ANOTHER v. B. H. McCREARY AND OTHERS.

December 1, 1952.

Record No. 3978.

Present, All the Justices.

The opinion states the case.

*Richardson, McCandlish & Lillard, Denis R. Ayres* and *E. Calvin Van Dyck,* for the plaintiffs in error.

*Henry B. Crockett, John Barton Phillips* and *Carl L. Budwesky,* for the defendants in error.

HUDGINS, C. J., delivered the opinion of the court.

Plaintiffs in their motion for judgment claim damages alleged to have resulted from a defective sanitary sewer system. Defendants' demurrers to the motion were sustained, as evidenced by the following order, entered on March 29, 1951:

"This case came on to be heard upon the Demurrer to the Notice of Motion for Judgment, and the Court being of the opinion that the Demurrer is well founded and should be sustained;

"In consideration whereof, it is adjudged and ordered that the Demurrer be, and it hereby is sustained, to which action of the Court the Plaintiff excepts."

On May 24, 1951, plaintiffs' request for leave to amend the motion was overruled, as set forth in the following order:

"UPON CONSIDERATION WHEREOF, the Court is of opinion that leave to amend the motion for judgment should not be granted on the grounds that the order of March 29, 1951, sustaining the demurrer, was a final order and that the Court is without jurisdiction to enter an order granting Plaintiffs leave to amend the motion for judgment.

"WHEREFORE, it is adjudged and ordered by the Court that the motion of the Plaintiffs asking leave to amend the motion for judgment be, and the same hereby is denied, to which action of the Court the Plaintiff excepted."

On September 21, 1951, more than four months after the entry of the order sustaining the demurrer, but within four months after the entry of the order denying leave to amend, plaintiffs filed in this Court their petition for a writ of error.

The dominant question presented is whether the order entered on March 29, 1951, sustaining the demurrer, is final. The trial court held that it was and that it was without jurisdiction to entertain the motion to amend, because it was not made within twenty-one days after March 29, 1951. See Rule 3:21 of Rules of the Supreme Court of Appeals.

This court has consistently held that an order merely sustaining or overruling a demurrer to a declaration or motion for judgment is not final. An order sustaining such a demurrer, in order to be final within the meaning of Code, sec. 8-462, must go further and dismiss the case.

In *Gillespie v. Coleman*, 98 Va. 276, 36 S.E. 377, the trial court sustained a demurrer to an original and amended declaration, but did not dismiss the case. Judge Buchanan, speaking for the court, said:

"From some chancery orders, although there is no final decree in the case, it is provided by statute that an appeal may be taken. Code, sec. 3454 (now sec. 8-462). But the statute

makes no provision for a writ of error in an action at law until there is a final judgment * * *.

"The sustaining or overruling of a demurrer to a declaration is not final. To make it final in the former case, there must be a judgment of dismissal * * *.

"From anything that appears in the record, this case is still pending in the trial court, and another amended declaration might be filed there, and further proceedings had in the case."

This case was cited with approval in the following cases: *Commercial Bank* v. *Rucker,* 2 Va. Dec. 350, 24 S.E. 388; *London-Virginia Min. Co.* v. *Moore,* 98 Va. 256, 35 S.E. 722; *Hobson* v. *Hobson,* 100 Va. 216, 40 S.E. 899; *Smiley* v. *Provident Life, etc., Co.,* 106 Va. 787, 56 S.E. 728; *Salem Loan, etc., Co.* v. *Kelsey,* 115 Va. 382, 79 S.E. 329; *Hatke* v. *Globe Indemnity Co.,* 167 Va. 184, 188 S.E. 164, 108 A.L.R. 222; 11 Michie's Jur., Judgments and Decrees, sec. 9, p. 38.

The order in *Baber* v. *Page,* 137 Va. 489, 120 S.E. 137, recited that the demurrer to the notice of motion was sustained "* * * with leave, however, to plaintiff to amend if he be so advised." Plaintiff obtained a writ of error to this judgment, which was subsequently dismissed on the ground that the order was not final. In support of this conclusion the greater part of Judge Buchanan's opinion in *Gillespie* v. *Coleman, supra,* was quoted with approval.

In *Strader* v. *Metropolitan Life Ins. Co.,* 128 Va. 238, 105 S. E. 74, the trial court sustained defendant's demurrer, and dismissed the case "without prejudice to a suit in equity." While it does not appear that the plaintiff asked leave to amend his declaration, this court said: "If by proper amendment the plaintiff can state a case upon the facts entitling her to maintain an action at law, the opportunity to make such amendment should be afforded. The judgment of the Circuit Court for Giles county, to the extent that it held that the plaintiff's declaration did not state a case at law, was a proper finding and is affirmed, but this case is remanded to said court for such further action as will conform to the conclusions announced in this opinion."

Both the statute (sec. 8-119) and Rule of Court 3:13 provide that leave to amend should be liberally granted in the furtherance of justice. The Rule reads: "In granting leave to amend the court may make such provision for notice thereof and oppor-

tunity to make response as the court may deem reasonable and proper.''

The trial court, in the exercise of its discretion, may permit a litigant to amend his motion for judgment, and impose such terms and conditions as may be reasonable and proper, and if the litigant fails to comply with the conditions within the time specified, he is barred from further prosecution of the same cause, against the same parties. *Griffin* v. *Griffin*, 183 Va. 443, 32 S.E. (2d) 700; *Gimbert* v. *Norfolk Southern R. Co.*, 152 Va. 684, 148 S. E. 680.

■ There is nothing in this record to indicate that the instant case has been dismissed from the docket; hence it is still pending. The trial court erroneously held that the order sustaining the demurrer was final, and that it was without jurisdiction to entertain the motion for leave to amend. Plaintiffs did not make their proposed amendment a part of the record. Therefore, this court is not in position to pass upon the sufficiency of such an amendment. This is a question which must be determined by the trial court if and when the amendment is presented to it.

For the reasons stated, the order entered on May 24, 1951, refusing to grant plaintiffs leave to amend, is reversed and the case remanded for such further proceedings as will conform to the conclusions stated herein.

*Reversed and remanded.*