## CIRCUIT COURT OF THE CITY OF RICHMOND

Gloria G. (Dicks) McCleskey

v.

Erwin H. Harlfinger

March 27, 1995

Case No. LW-3219-4

BY JUDGE RANDALL G. JOHNSON

This is a medical malpractice action in which the court previously sustained defendant's demurrer to plaintiff's motion for judgment. In the written order sustaining the demurrer, which was entered on January 23, 1995, plaintiff was granted leave to file an amended motion for judgment "on or before 15 days from the date of the oral order from the bench on January 19, 1995." On February 10, 1995, which was twenty-two days after the oral order, plaintiff tendered an amended motion for judgment and a motion to enlarge the time in which to file it. Defendant opposes the motion and argues that the case should now be dismissed with prejudice.

At the hearing on plaintiff's motion, plaintiff's counsel stated that he had the flu during the week of January 30, Friday of that week, February 3, being the 15th day from the court's oral order, and that although he went to his office to check on messages and do other things, the amended motion for judgment was not done until February 10. No other reason was given for its late submission.

In order to resolve the question presented, the court must decide two issues. First, whether the court has discretion to now allow the filing of an amended motion for judgment and, second, whether such discretion, if it exists, should be exercised.

Rules 1:8 and 1:9 of the Rules of the Supreme Court of Virginia provide as follows:

### Rule 1:8. *Amendments*

No amendments shall be made to any pleading after it is filed
save by leave of court. Leave to amend shall be liberally granted
in furtherance of the ends of justice.

In granting leave to amend the court may make such pro-
visions for notice thereof and opportunity to make response
as the court may deem reasonable and proper.

### Rule 1:9. *Discretion of Court*

All steps and procedures in the clerk's office touching the filing
of pleadings and the maturing of suits or actions may be re-
viewed and corrected by the court.

The time allowed for filing pleadings may be extended by
the court in its discretion and such extension may be
granted although the time fixed already has expired; but the
time fixed for the filing of a motion challenging the venue
shall in no case be extended except to the extent permitted
by § 8.01-264.

Of course, both of those rules are limited by Rule 1:1, which provides, in
pertinent part:

All final judgments, orders, and decrees, irrespective of terms of
court, shall remain under the control of the trial court and sub-
ject to be modified, vacated, or suspended for twenty-one days
after the date of entry, and no longer.

Since more than twenty-one days have now passed since the court's oral
pronouncement on January 19 *and* its written order of January 23, the
court must first determine whether the January 23 order is "final." Because
Rule 1:1 refers to finality twenty-one days after an order's *entry*, it is clear
that only written orders can be "final." *See, e.g., Costner's Furn., Inc. v.
Cawthorn,* 1 Bankr. 267 (Bankr. W.D. Va. 1979).

In *Bibber v. McCreary,* 194 Va. 394, 73 S.E.2d 382 (1952), the court
made it clear that where a trial court sustains a demurrer without saying
more, the order is not final:

This court has consistently held that an order merely sustaining
or overruling a demurrer to a declaration or motion for judgment
is not final. An order sustaining such a demurrer, in order to be
final . . . must go further and dismiss the case . . . .

> "The sustaining or overruling of a demurrer to a declaration is not final. To make it final in the former case, there must be a judgment of dismissal . . . .["]

194 Va. at 395-96 (*quoting Gillespie v. Coleman*, 98 Va. 276, 36 S.E. 377 (1900)).

Where the trial court grants leave to amend the motion for judgment, however, *Bibber* suggests a different result:

> The trial court, in the exercise of its discretion, may permit a litigant to amend his motion for judgment, and impose such terms and conditions as may be reasonable and proper, *and if the litigant fails to comply with the conditions within the time specified, he is barred from further prosecution of the same cause, against the same parties. Griffin v. Griffin*, 183 Va. 443, 32 S.E.2d 700 [1945]; *Gimbert v. Norfolk Southern R. Co.*, 152 Va. 684, 148 S.E. 680 [1929].

194 Va. at 397 (emphasis added).

While this last passage from *Bibber* seems to say that a trial court has no discretion to extend the time for filing an amended motion for judgment once the originally allotted time for such amendment has passed, this court is unwilling to give the passage such a narrow reading. First, such a narrow reading is contrary to Rule 1:8's pronouncement that amendments to pleadings are to be "liberally granted in the furtherance of the ends of justice," and to Rule 1:9's provision that the time for filing pleadings may be extended "although the time fixed already has expired." Second, this court does not believe that the two cases cited by *Bibber* in the passage quoted above support such a narrow reading.

In *Gimbert v. Norfolk Southern R. Co.*, the trial court sustained a demurrer and allowed plaintiff, an infant, thirty days to amend. No amendment was filed and nothing else was done for over a year when the plaintiff appeared and again asked for leave to file an amended declaration (motion for judgment). The court entered an order denying the request. No appeal was filed. Nine years later, after plaintiff was an adult, he brought a new action against the same defendant on the same cause of action. Defendant filed a plea of *res adjudicata* which was sustained. On appeal, the Supreme Court affirmed:

> There was no error in the court's action. The demurrer in the original action went to the merits of the case. The court held that

no case was stated in the declaration but gave the plaintiff leave to amend in thirty days and state a case if he could. This plaintiff failed to do and after thirty days the trial court had no further power over the case. A decision of an issue of law on a demurrer is a decision on the merits and constitutes *res adjudicata* as to any other proceedings where the same parties and the same issues are involved . . . .

The fact that in the case in the Circuit Court of Princess Anne County, after deciding the issue of law in favor of defendant, the court granted leave to file an amended declaration in thirty days, which leave was not taken advantage of, can in no wise change the situation. The only condition by which the plaintiff could have kept the case alive was by filing an amended and valid declaration within thirty days, and that time having expired and the term of court ended the case was finished, and the trial court had no further power over it.

152 Va. at 689 and 691.

In the other case cited in *Bibber, Griffin v. Griffin,* defendant's demurrer to a bill of complaint for divorce was sustained, with plaintiff being granted sixty days in which to amend. No amendment was filed. Instead, plaintiff filed a new bill of complaint over a year later alleging the same facts and requesting the same relief as in the earlier bill. As in *Gimbert,* the trial court sustained defendant's plea of *res adjudicata.* In affirming, the Supreme Court quoted extensively from *Gimbert,* and the plaintiff even conceded "the authority of the *Gimbert Case,*" 183 Va. at 443. It was plaintiff's contention, however, that because divorce cases are not conducted as other suits, *Gimbert* did not apply. The remainder of the Supreme Court's opinion was spent addressing, and rejecting, that contention. *Bibber* cites *Gimbert* and *Griffin,* but gives no amplification of their holdings. It is this court's conclusion that those holdings do not apply here.

Unlike *Gimbert* and *Griffin,* the present plaintiff has not filed a new lawsuit. Rather, she asks the court to extend the time for amending her present motion for judgment. While the plaintiff in *Gimbert* also sought leave to amend after the original time allowed for amendment had passed, the request was denied, and no appeal from such denial was taken. This case is still before this court on a request for extension.

This court also believes that it is significant that in making its ruling in *Gimbert*, the Supreme Court mentioned that the "term of court ended." While there was a time when terms of court meant a great deal, they do not have the same importance now. It is quite likely that the Supreme Court's decisions in *Gimbert*, decided in 1929, and *Griffin*, decided in 1945, were largely premised upon the ending of the term of court in which leave was granted and the fact that under the law as it then existed proceedings generally could not be continued from one term of court to the next. *See, e.g., Virginia Home for Incurables v. Coleman*, 164 Va. 230, 243, 178 S.E. 908 (1935) ("It is elementary that the authority of a trial judge to enter an order in a given case expires with the adjournment of the term at which final judgment is entered therein, except when extended by statute."). Rule 1:1, set out above, makes it clear that this is no longer the case.

Finally, at least with regard to the holdings of *Gimbert*, *Griffin*, and *Bibber*, this court notes that the discussions and pronouncements in those cases concerning the finality of orders sustaining demurrers and granting leave to amend were not necessary to those cases' holdings. In *Gimbert* and *Griffin*, the issue was whether *new* actions were barred by *res adjudicata*, not whether amendments to the original pleadings could be allowed outside the time originally allowed for amendments. In *Bibber*, the trial judge sustained a demurrer without saying more, so the order was held not to be final. Thus, all of the discussion and analysis in those cases concerning the ability to amend a pleading after the initial period of amendment had expired are dicta only. They are not, in this court's view, controlling law.

In sum, this court is of the opinion that the distinction cited in *Bibber* between orders sustaining demurrers without saying more and those which sustain demurrers and grant leave to amend has no bearing on this case; that is, I conclude that in neither situation is such an order final. Rather, Rules 1:8 and 1:9 of the Supreme Court Rules control. Those rules make it clear that this Court does have discretion to allow amendments to pleadings, that such amendments should be liberally granted, and that such amendments may be granted even after the originally allowed time has expired. The only remaining question is whether the court should exercise that discretion to allow an amendment here. It will not.

Court orders must mean something. If not, the system cannot work. When a court enters an order giving litigants a specified time in which to do something, it should not mean "unless one of the litigants thinks oth-

erwise." While the court does not wish to appear unreasonable, it simply cannot allow one party to unilaterally decide when and when not to adhere to court-ordered time limits. The court's time limit was not adhered to here.

In making this ruling, the court is not unmindful of plaintiff's counsel's statement that he had the flu during the last week of the time for amending the motion for judgment. The facts are, however, that when the court announced its decision from the bench on January 19, counsel for plaintiff was asked if that was enough time, and he said it was; the written order, with plaintiff's counsel's endorsement, was entered on January 23, specifically stating that an amended motion for judgment must be filed within fifteen days of January 19; counsel had seven business days *before* the week of January 30 in which to file an amended motion for judgment; and even after he had the flu, counsel admits going to his office to check on messages and do some work. The court simply feels that counsel should have considered adherence to the court's order at least as important as whatever else counsel was doing at his office. This is a harsh result, and one the court does not make lightly, but it is a ruling which the court feels compelled to make. Plaintiff's request for an extension of time to file an amended motion for judgment is denied.