# CIRCUIT COURT OF FAIRFAX COUNTY

Min Kyu Sue

 v.

Sung Hoon Park et al.

December 28, 2005

Case No. CH 2005-4370
(transferred from CL 05-532)

BY JUDGE STANLEY P. KLEIN

This matter is before the court on Defendants' Motion to Enter a Final Order and Plaintiff's Motion for Nonsuit. Defendants Sam Sung Realty, Inc. (Sam Sung) and Sung Hoon Park seek to have this matter dismissed based upon a prior order of this court which sustained their demurrers as to all counts against them, granted Plaintiff leave to amend within a time frame which has now expired, but which did not dismiss those claims. Plaintiff Min Kyu Sue now seeks to nonsuit the counts against Sam Sung and Park. For the reasons set out below, Plaintiff's Motion for Nonsuit is granted and Defendants' Motion to Enter a Final Order is denied.

114

## I. *Background*

On January 6, 2005, Sue filed a three count Motion for Judgment against Defendants Park, Sam Sung, and Oasis Business Consulting, Inc. (Oasis). Sue averred misuse of escrow funds deposited with the Defendants pursuant to an offer to purchase the assets of a business. Count 1 of the Motion for Judgment was a claim for breach of contract; Count 2 was titled Agency – Breach of Duty; and Count 3 alleged violations of the Virginia Consumer Protection Act (VCPA). Sue sought monetary damages plus interest and attorney's fees. All counts were brought against all three Defendants.

After service was properly effected upon all defendants and no answer was timely filed, Sue filed a Motion for Default Judgment. Defendants obtained leave of the court to file late responsive pleadings, and Park and Sam Sung demurred to all counts against them. In their demurrers, Park and Sam Sung argued that, because they were not parties to the written contract upon which counts 1 and 2 were predicated, they could not be individually liable under those counts. Additionally, all three Defendants demurred to the VCPA claim, asserting that the alleged transaction between the parties did not constitute a consumer transaction as defined by Virginia Code § 59.1-198. Finally, all three Defendants claimed that the theory of joint and several liability upon which all three claims were predicated would require this court to pierce the corporate veil, an equitable remedy not available in a matter at law.

The court conducted a hearing at which each of the demurrers was sustained. Counsel for the Defendants submitted an order which was entered on July 22, 2005. The order stated, in relevant part, as follows:

> Sung Hoon Park's demurrer is sustained. Sam Sung Realty, Inc.'s demurrer is sustained . . . . Plaintiff's motion for leave to amend its Motion for Judgment is granted. Plaintiff's Motion to transfer this matter to the Chancery Docket is granted. Plaintiff shall file its amended Bill of Complaint within 21 days and Defendants shall respond within 21 days.

On September 20, 2005, Defendants Park and Sam Sung filed a Motion to Enter a Final Order. As grounds for the motion, Park and Sam Sung stated that their demurrers were sustained, that Sue was granted twenty-one days to file an amended pleading, that Sue did not file an amended pleading, and that

this matter should be dismissed with prejudice as to Defendants Park and Sam Sung.

On September 23, 2005, Sue filed an opposition to the Motion to Enter a Final Order and simultaneously filed a Motion to Nonsuit pursuant to Virginia Code § 8.01-380. Sue prayed that, in the event the nonsuit was not granted, a further extension of time to file an amended pleading be granted, pursuant to Rule 1:9 of the Rules of Virginia Supreme Court.

## II. *Analysis*

This court must resolve two distinct issues. First, this court must decide whether an order which sustains a demurrer with leave to amend, but which does not dismiss the relevant counts, constitutes a final order pursuant to Supreme Court Rule 1:1 after the expiration of the period during which amended pleadings could have been filed. Second, if the court determines that the order sustaining the demurrer is not a final order unless the order expressly dismisses the claims, this court must then determine whether a party plaintiff is still entitled to a nonsuit, pursuant to Virginia Code § 8.01-380, after a Motion to Enter a Final Order has been filed based upon the Plaintiff's failure to file an amended pleading during the period established by the court. This issue requires the court to assess when a matter is "submitted to the court for decision," pursuant to Virginia Code § 8.01-380(A).

## A. *Whether the Order is a Final Order*

Rule 1:1 of the Rules of Virginia Supreme Court states in relevant part the following:

> all final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

Rules of Virginia Supreme Court, Rule 1:1 (2005). A final order, for purposes of Rule 1:1, "is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *James ex rel. Duncan v. James*, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (internal citations omitted). After

the expiration of twenty-one days from the entry of a final order, the court rendering the order loses jurisdiction and the judgment is final. See *Norris v. Mitchell*, 255 Va. 235, 495 S.E.2d 809 (1998). The court would, thereafter, no longer have jurisdiction to grant a nonsuit or to enter an order allowing leave to amend a pleading. If, however, an order is not final, the court retains jurisdiction and may enter an order of nonsuit or allow extensions to the time allotted for filing of amended pleadings. Thus, the principal issue in the instant case is whether the July 22, 2005, order constitutes a final order.

The Supreme Court of Virginia has considered whether an order sustaining a demurrer constitutes a final order in a variety of circumstances. In *London-Virginia Min. Co. v. Moore*, the Court addressed the finality of a demurrer which was sustained with leave to amend, but which further provided "that unless the plaintiff shall amend the bill in sixty days from this date, *the same shall be dismissed* at plaintiff's costs." *London-Virginia Min. Co. v. Moore*, 98 Va. 256, 35 S.E. 722, 723 (1900) (emphasis added). The Court opined that "an order sustaining a demurrer to a bill and giving the plaintiff leave to amend in a specified time cannot be regarded as a final order or as settling the principles of the cause, until after the time limited therein for the plaintiff to amend his bill has expired." *Id*. The *London* Court cited to *Commercial Bank of Lynchburg v. Rucker*, 2 Va. Dec. 350, 24 S.E. 388 (1896) (holding that an appeal was "improvidently awarded" upon a demurrer sustained with leave to file an amended bill). The Court observed that, "as long as the privilege of filing an amended bill can be exercised, the decree is not final, and the rights of the parties have not been settled." *Id*. See also *Winston v. Winston*, 144 Va. 848, 130 S.E. 784 (1925) (holding that an order sustaining a demurrer and dismissing the matter but granting leave to file an amended bill in thirty days became final at the end of the thirty day period.)

Shortly after *London*, in *Gillespie v. Coleman*, the Supreme Court was faced with a case where Defendant's demurrer to the original bill of complaint was sustained by the trial court with leave to amend. *Gillespie v. Coleman*, 98 Va. 276, 36 S.E. 377 (1900). After plaintiff filed an amended bill, defendant's demurrer was again sustained, but no leave to amend or language of dismissal was included in the order. *Id*. In dismissing a writ of error from the order sustaining the demurrer, the Supreme Court opined that:

> the sustaining or overruling of a demurrer to a declaration is not final. *To make it final* in the former case, *there must be a judgment of dismissal*; and in the latter, a judgment for the

> amount or thing sought to be recovered, or some order which
> · puts an end to the case.

*Id.* (emphasis added). The Court therefore held that the writ of error had been improvidently awarded and dismissed the appeal. *Id.* See also *Baber v. Page*, 137 Va. 489, 120 S.E. 137 (1923) (dismissing a writ of error as improvidently granted upon an order of a trial court sustaining but not dismissing a demurrer).

In the early to mid 1900s, the Supreme Court of Virginia ruled in several cases involving demurrers which were sustained with leave to amend but with no apparent order of dismissal. In *Gimbert v. Norfolk Southern RR.*, an infant filed a claim containing two counts sounding in negligence against Norfolk Southern Railroad Company. *Gimbert v. Norfolk Southern RR.*, 152 Va. 684, 689, 148 S.E.2d 680, 682 (1929). The infant initially instituted the action through his next friend in 1916. *Id.* Norfolk Southern successfully demurred to each count, but Gimbert was granted leave to file an amended pleading within thirty days. *Id.* at 688, 148 S.E.2d at 682. No amended pleading was filed within the prescribed period, nor was any action taken on the matter until over a year later when Gimbert sought leave to file an amended pleading. *Id.* The trial court refused to allow the amended pleading and entered an order dismissing the case. *Id.* at 689, 148 S.E.2d at 682. No appeal was taken. *Id.* Ten years later, Gimbert, having attained his majority, filed a new negligence claim against Norfolk Southern in his own name upon the same facts. *Id.* Norfolk Southern filed a plea of res adjudicata, which was sustained by the trial court. *Id.* The Supreme Court of Virginia affirmed, holding that the demurrer was a ruling on the merits of the claim and, therefore, res adjudicata applied. *Id.* The Court did state, albeit in dicta, that "the [trial] court held that no case was stated in the declaration but gave the plaintiff leave to amend in thirty days and state a case if he could. This the plaintiff failed to do and after thirty days the trial court had no further power over the case." *Id.*

The Supreme Court once again addressed the effect of a decree sustaining a demurrer in *Griffin v. Griffin*, 183 Va. 443, 32 S.E.2d 700 (1945). In *Griffin*, the trial court sustained Randolph Griffin's demurrer to Edith Griffin's bill of complaint for divorce but granted leave to amend within sixty days. *Id.* at 446, 32 S.E.2d at 701. Edith failed to file an amended bill within sixty days, but, over a year later, she filed a second original bill of complaint for divorce upon the same grounds. *Id.* Randolph filed a plea of res adjudicata. *Id.* The trial court overruled Edith's motion to strike Randolph's plea,

sustained the plea, dismissed the bill of complaint, and ordered the case removed from the docket. *Id.* at 447, 32 S.E.2d at 701. On appeal, the issue was whether certain statutory changes had limited demurrers to challenging "the heart of the cause" of action or whether a demurrer could still attack mere "defects or imperfections" in a plaintiff's pleading. *Id.* at 449, 32 S.E.2d at 702. In affirming the trial court, the Supreme Court of Virginia opined that the first demurrer went to the substance of the case and that the second bill was therefore barred because "it did not set forth a new cause of action or one that is substantially different from the original cause of action set forth in the first bill." *Id.* at 449, 32 S.E.2d at 702. The Court further noted, again in dicta, that "there was a final decree in the first cause rendered by a court of competent jurisdiction on the merits. It necessarily bars the appellant from conducting a subsequent suit involving the same cause of action." *Id.* at 452, 32 S.E.2d at 703.

Although the dicta in *Gimbert* and *Griffin* could support an argument that an order or decree which merely sustains a demurrer with leave to amend becomes final upon the expiration of the time frame in which the amended pleading could have been filed, the finality of the decree sustaining the demurrer was not the issue presented to the Supreme Court in either case.

Two years after *Griffin*, the Supreme Court was confronted with a different variation of this issue in *Haskins v. Haskins*, 185 Va. 1001, 41 S.E.2d 25 (1947). In *Haskins*, Charles Haskins filed a bill of complaint for divorce to which his wife, Mildred, demurred and filed an answer and cross-bill. *Id.* at 1003, 41 S.E.2d at 26. Charles demurred to the cross-bill. *Id.* At a hearing on the demurrers on December 28, 1945, Mildred's demurrer was sustained with leave to file an amended bill in twelve days and Charles' demurrer was overruled. *Id.* Charles failed to file an amended bill until seventeen days later. *Id.* This was five days after the expiration of the period for amendment and nine days after the end of the term of the court for December 1945. *Id.* at 1003, 41 S.E.2d at 26, 27. Mildred objected to the filing of the amended bill on the ground that the court no longer retained jurisdiction to consider the bill. The court entered a decree sustaining Mildred's objection and dismissing the original bill. *Id.* at 1004, 41 S.E.2d at 27. Charles unsuccessfully moved to vacate and set aside the decree on the ground, *inter alia*, that the December 28, 1945, decree had not become final by operation of law. *Id.*

In affirming the trial court, the Supreme Court of Virginia relied upon Section 5962a of the Virginia Code of 1942, which directed that "all judgments or decrees entered during any term of the court shall become final

at the end of the term or at the expiration of fifteen days after their rendition, whichever shall first happen." *Id*. at 1009, 41 S.E.2d at 30. The Court found this statute to be controlling and observed that "under it, the jurisdiction of the court is controlled, limited, and confined." *Id*. at 1010, 41 S.E.2d at 30. Hence, *Haskins* stands as an anomaly among this string of cases, as the governing statute dictated the result. That statute no longer exists, and the language of present Supreme Court Rule 1:1 specifically states that the end of the term of the court no longer affects the finality of orders.

Not long after its decision in *Haskins*, the Supreme Court of Virginia provided a more detailed analysis of the finality of an order sustaining a demurrer but not dismissing the underlying claims in *Bibber v. McCreary*, 194 Va. 394, 73 S.E.2d 382 (1952). The defendants in *Bibber* demurred to plaintiffs' claim for damage allegedly resulting from a defective sanitary sewer system. *Id*. The trial court sustained the demurrer on March 29, 1951, but did not dismiss the claim. *Id*. at 395, 73 S.E.2d at 383. On May 24, 1951, plaintiffs requested leave to amend, which the trial court denied. *Id*. The trial court opined that the March 29, 1951, order was a final order, and it was therefore without jurisdiction to enter an order granting plaintiffs leave to amend the motion for judgment. *Id*. Citing to *Gillespie v. Coleman*, the Supreme Court of Virginia reversed the trial court, reasoning that "this court has consistently held that an order merely sustaining or overruling a demurrer to a declaration or motion for judgment is not final. An order sustaining such a demurrer, *in order to be final . . . must go further and dismiss the case*." *Id*. (emphasis added).

Since the adoption of the Rules of Virginia Supreme Court in 1950, the Supreme Court has had further opportunities to consider the point at which an order which sustains a demurrer and dismisses the action, but allows the plaintiff a specified period in which to amend, becomes a final order pursuant to Rule 1:1. See *Norris v. Mitchell*, 255 Va. 235, 238, 495 S.E.2d 809, 811 (1998). In *Norris*, purchasers of a home sued the sellers and the attorney who represented the parties at closing for septic problems associated with the property. *Id*. at 238, 495 S.E.2d at 811 (1998). The trial judge sustained defendants' demurrer to the suit on June 20, 1996, and dismissed the action, but granted the plaintiff until July 8, 1996, to amend. *Id*. Three days before the July 8 deadline, the plaintiff filed a motion for a nonsuit, which the court did not enter until July 15, 1996. *Id*. Thus the order was entered more than twenty-one days after the June 20 order, but less than twenty-one days after the July 8 deadline. *Id*. When the plaintiff filed a subsequent motion for judgment in August 1996, defendants demurred and filed a plea of res judicata. *Id*.

120

Defendants argued that the June 20 order was a final order upon the date of entry and the court had, therefore, lost jurisdiction to enter the nonsuit order more than twenty-one days after June 20. *Id*. at 239, 495 S.E.2d at 811. The trial court sustained both the plea and the demurrer and dismissed the second action. *Id*. The Supreme Court found error in the trial court's sustaining of the plea of res judicata and opined that:

> if the order merely sustains such a demurrer, it is not a final order; *to be final it must go further and dismiss the case. Bibber v. McCreary*, 194 Va. 394, 395, 73 S.E.2d 382, 383 (1952). However, if the order also gives the plaintiff leave to amend, it does not become final "until after the time limited therein for the plaintiff to amend his bill has expired." *London-Virginia Mining Co. v. Moore*, 98 Va. 256, 257, 35 S.E. 722, 723 (1900). Hence, the dismissal order in question could not have become final until the July 8 deadline. Thus, the court had 21 days after that time in which to "modify, vacate, or suspend" its order.

*Norris*, 255 Va. at 239, 495 S.E.2d at 811 (internal citations omitted) (emphasis added).

Finally, in *Berean Law Group v. Cox*, the Supreme Court of Virginia decided whether a trial court had erred in allowing a plaintiff to suffer a nonsuit more than twenty-one days after the expiration of the time granted for filing an amended pleading when the demurrer had been sustained and the claim had been dismissed with leave to amend. *Berean Law Group v. Cox*, 259 Va. 622, 528 S.E.2d 108 (2000). In *Berean*, the trial court entered an order on September 24, 1998, stating in relevant part, "it is ordered that the [defendants'] Demurrers . . . hereby are, sustained . . . and that plaintiff's action against [the defendants] shall stand dismissed unless on or before September 17, 1998, the plaintiff shall file an Amended Motion for Judgment which is sufficient in law. . . ." *Id*. at 624, 528 S.E.2d 110. On November 16, 1998, more than twenty-one days after the period for the filing of an amended pleading had expired, the plaintiff filed an amended motion for judgment based upon a conversation between counsel and the trial judge but which had not been embodied in a court order. Defendants sought dismissal and removal from the docket of plaintiff's amended motion for judgment, because more than twenty-one days had elapsed following the entry of the September 24, 1998, order, and plaintiff responded by moving for a nonsuit. The trial court granted the nonsuit and the Supreme Court reversed.

■

Relying on its· decisions in *Norris, Bibber,* and *London-Virginia Mining Co.*, the Court held that the trial court was without jurisdiction when it granted the nonsuit. It reasoned that, "an order that sustains a demurrer *and dismisses the case* if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the plaintiff's failure to file an amended motion within the specified time." *Id.* at 626, 528 S.E.2d at 111 (emphasis added). As the amended motion for judgment was filed more that twenty-one days after the expiration of the period for amendment and the original order had not been suspended or vacated within the twenty-one day window, the Supreme Court held that the trial court had no jurisdiction to allow the nonsuit.

Thus, but for the dicta in *Gimbert* and *Griffin* and the statutorily required decision in *Haskins*, the language contained in myriad decisions of the Supreme Court of Virginia supports a conclusion that an order sustaining a demurrer must also dismiss the case for it to be a final order, even if leave to amend is granted and no amended pleadings are filed within the time frame set out in the order. Such a determination is further supported by a literal reading of the Rules of Virginia Supreme Court. Rule 1:8, *Amendments*, reads in relevant part as follows: "No amendments shall be made to any pleading after it is filed save by leave of court. *Leave to amend shall be liberally granted* in furtherance of the ends of justice." Rules of Va Supreme Court, Rule 1:8 (emphasis added). Rule 1:9 further directs, in relevant part as follows: "The time allowed for filing pleadings may be extended by the court in its discretion *and such extension may be granted although the time fixed already has expired.*" (emphasis added). These rules must be read in conjunction with Rule 1:1, which divests the court of jurisdiction twenty-one days after the entry of a *final* judgment, order, or decree, one that "leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *James*, 263 Va. at 481, 562 S.E.2d at 137.

If a case has not been dismissed by court order, further action must be taken, as exemplified by the Defendant's Motion to Enter a Final Order filed in the instant case. Further, pursuant to Rules 1:8 and 1:9, the fact that the time frame for the filing of an amended motion for judgment has expired is not dispositive because leave to file amended pleadings should be liberally granted and further extensions of time may be granted, even if the time frame previously fixed has already expired. Therefore, to rule that an order sustaining a demurrer but granting leave to amend becomes final upon expiration of the time designated for amendment, even if the order does not dismiss the case would preclude a court from exercising discretion to allow

further extensions of time, in direct contravention of the plain language of Rule 1:9. Indeed, the Supreme Court of Virginia, applying the precursor to Rule 1:9, has expressly established that a court may, in its discretion, further extend the time for amending a pleading upon an order sustaining a demurrer and granting leave to amend, but not dismissing the claims. See *Commercial & Savings Bank of Winchester v. Maher*, 202 Va. 286, 292, 117 S.E.2d 120, 125 (1960) (ruling that "[appellant's] plea in bar, on the ground that the court had previously sustained its demurrer to the second amended bill and that plaintiff had not filed an amended bill with the time allowed, was properly overruled. The time allowed for filing pleadings may be extended by the court in its discretion, even though the time fixed has already expired.").

In the instant case, Plaintiff seeks a nonsuit or, in the alternative, an extension of the time in which to file an amended pleading. The July 22, 2005, order sustaining the demurrer contains no language of dismissal. Thus, consistent with the holdings of the Supreme Court of Virginia and its Rules, that order is not a final order and this court retains jurisdiction over this matter.

## B. *Whether Plaintiff May Nonsuit*

Although a party plaintiff is entitled to one nonsuit of right as to any cause of action of claim, the motion for nonsuit must be timely filed. Virginia Code § 8.01-380(A) states in relevant part that a party may nonsuit if "he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Va. Code § 8.01-380(A) (2004). For a matter to be submitted to the court, no particular form or procedure is required. An action may be submitted "either as the result of oral or written argument, formal notice and motion, or by tendering a jointly endorsed sketch for a decree." *Moore v. Moore*, 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978). A matter is deemed submitted to the court when "the parties by counsel . . . [have] yielded the issues to the court for consideration and decision." *Transcontinental Ins. Co. v. RMBW, Inc.*, 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001) (internal citations omitted). "When further submissions from the parties are contemplated, a matter has not been finally yielded for decision or finally determined." *Liddle v. Phipps*, 263 Va. 391, 394, 559 S.E.2d 690, 692 (2002).

The Supreme Court of Virginia has generally found a matter to have been submitted to the court when the parties have fully argued all issues and all that remains is the judge's decision. See *Wells v. Lorcom House*

*Condominiums' Council of Co-Owners*, 237 Va. 247, 377 S.E.2d 381 (1989) (holding that, when parties had fully argued defendants' demurrer and plea in bar before the trial court, the court had taken the matter under advisement, and some time later plaintiff's attorney had asked the trial judge when his ruling could be expected, that the matter had been submitted to the court and a nonsuit could not be had). However, even after a matter has been fully argued, the Supreme Court has found the matter has not been submitted until the judge has recessed to consider the parties' arguments and to make a ruling. See *Kelly v. Carrico*, 256 Va. 282, 504 S.E.2d 368 (1998) (holding that there was no submission because the motion for nonsuit was made before the court recessed after oral argument to consider the merits of the motion for judgment on the pleadings). Additionally, if it is clear that additional actions on the part of the parties are contemplated, the matter is not submitted to the court. See *City of Hopewell v. Cogar*, 237 Va. 264, 377 S.E.2d 385 (1989) (holding that there was no submission to the court, because the motion for nonsuit was made after oral argument, but before the period for the litigants to file additional memoranda in support of their positions on a motion for summary judgment had expired).

For example, in *Liddle v. Phipps*, the Supreme Court of Virginia found that despite language in a discovery order dismissing a matter with prejudice if the plaintiff did not respond by a date certain, the matter had not been submitted to the court, and, as a result, a nonsuit could be granted even after the date certain had passed. *Liddle v. Phipps*, 263 Va. 391, 394, 559 S.E.2d 690, 692 (2002). Liddle, the defendant in a personal injury suit, had submitted discovery requests upon the plaintiff, Phipps. *Id.* at 393, 559 S.E.2d at 692. Despite repeated inquiries, Liddle received no discovery responses from Phipps. The trial court granted Liddle's motion to compel and ordered Phipps to completely and accurately respond to Liddle's discovery requests by October 2, 2000, or pay a sanction of $250. Additionally, the trial court ordered that, if Phipps failed to respond by November 2, 2000, Phipps' "action shall be dismissed with prejudice, which dismissal this Court finds to be an appropriate sanction in accordance with Rule 4:12 and other applicable Virginia law." *Id.* In finding that the matter had not been submitted to the court pursuant to Virginia Code § 8.01-380, the Supreme Court held as follows:

> In the context of this discovery dispute, the trial court ordered
> Phipps to respond to discovery requests propounded by Liddle
> and provided an escalating series of sanctions for failure to do

> so. . . . Clearly, a failure to respond at all would be sanctionable, as would a response that was not complete and accurate. The order, by its very terms, contemplated that further consideration by the trial court regarding compliance may be necessary before the sanction could be imposed.

*Id.* at 396, 559 S.E.2d at 693.

Here, the order sustaining the demurrer, which was submitted by counsel for Defendants Sam Sung and Park, did not contain specific language of dismissal. Defense counsel obviously contemplated further action by the parties and the court after entry of the July 22, 2005, order sustaining the demurrers, as he subsequently filed an additional motion seeking entry of a final order in the case. As such, Defendants have implicitly acknowledged that the case had not been finally submitted to the court. As this matter was not submitted to the court for decision prior to Plaintiff's request for a nonsuit, Plaintiff is entitled to a nonsuit of right pursuant to Virginia Code § 8.01-380. Consequently, Plaintiff's Motion for Nonsuit as to all counts is hereby granted. As the nonsuit has been granted, it is not necessary for this court to consider whether to grant a further extension to the time period in which Plaintiff may file amended pleadings.

## III. *Conclusion*

Absent language of dismissal, the July 22, 2005, order sustaining Defendants' demurrer with leave to amend was not a final order upon expiration of the period allotted for amendment. Thus this court retained jurisdiction to enter an order of nonsuit. Because the July 22, 2005, order contemplated further action by the parties and consideration by the court, this matter had not been submitted to the court for decision and Plaintiff's Motion for Nonsuit was timely filed. Accordingly, Plaintiff's Motion for Nonsuit in the instant matter is granted.