# CIRCUIT COURT OF GREENSVILLE COUNTY

Mary E. Carter

v.

Cynthia Evora Brooks

January 20, 2009

Case No. CL08-0146

BY JUDGE W. ALLAN SHARRETT

The Court must adjudicate Cynthia Evora Brooks's Demurrer and Plea in Bar, filed in response to the Complaint by Mary E. Carter. Having considered counsels' arguments on November 14, 2008 and the pleadings, the Court rules herein. For the following reasons, the Plea in Bar is overruled, and the Demurrer is sustained with leave to amend.

*Summary of Facts*

The standard of review when evaluating a demurrer and a plea in bar are the same, that is, the facts as pleaded by the plaintiff are presumed to be true. A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred." *Thompson v. Skate Am.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). Thus, the sole question before the trial court "is whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant." *Id.* at 128, 540 S.E.2d at 126-27. Likewise, in a plea in bar, "The facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the

special plea." *Gray v. Virginia Secy. of Transp.*, 276 Va. 93, 97, 662 S.E.2d 66, 68 (2008). Therefore, the facts below are as alleged by Plaintiff in her Complaint.

### Substantive Facts

On or about July 22, 2005, Brooks, one of Carter's nine living children, took Carter to the law office of Outten, Barrett & Whitby in Emporia, Virginia, under the pretense that Carter was going there to execute a medical directive. On that date, Carter, a widow of seventy-three years of age, was suffering from cataracts in both eyes and was nearly blind, in addition to suffering from heart ailments and asthma. She has always been mentally competent to make decisions concerning her estate. At the law office, Carter was presented with a document and instructed by Brooks to sign it. Due to her poor eyesight, Carter was unable to read the document presented to her. Neither Brooks nor any employee of the law office read the document to her before she signed it. Carter signed the document, believing it to be a medical directive.

For several years up until July 22, 2005, Carter owned two parcels of land in Greensville County. Several months after the visit to the law office on that date, Brooks advised Carter that Carter no longer owned the two parcels of land and that Brooks owned them. Shortly thereafter, Carter learned that a deed, signed by her and dated July 22, 2005, had been recorded later that same day at the Clerk's Office of this Court. Carter then realized that the document she signed in the law office on July 22, 2005, was not a medical directive; rather, it was a deed, conveying the land to Brooks.

In this action, Carter alleges two counts against Brooks: (1) fraud and (2) breach of fiduciary duty. With respect to fraud, Carter alleges that, on July 22, 2005, she was aged, infirm, and nearly blind, and had no reason to believe she was executing a deed, nor an intent to do so. Brooks fraudulently took advantage of Carter and fraudulently procured her signature on the deed. Carter would never have given her land, which essentially was her entire estate, to Brooks to the exclusion of her other living children. With respect to breach of fiduciary duty, Carter alleges that Brooks took her to the same law office on July 15, 2005, and had Carter execute a Power of Attorney, naming Brooks as Carter's lawful Attorney-in-Fact. This created a fiduciary relationship between Carter and Brooks. Brooks breached that duty by convincing Carter to deed her entire estate to Brooks. Defendant's action constituted self-dealing and was accomplished under a conflict of interest. Since July 22, 2005, Brooks has collected rental income from the properties

and has never offered Carter any of the proceeds. She has allowed the mortgage on the parcels to become delinquent. The relief prayed for, in pertinent part, is an order setting aside the deed and declaring it null and void, or, in the alternative, directing Brooks to reconvey the parcels to Carter.

## Procedural Facts

On December 1, 2006, Plaintiff filed a complaint on the same set of facts, alleging fraud, undue influence, and breach of fiduciary duty against Defendant ("2006 case" or "2006 complaint"). On February 23, 2007, Defendant demurred, essentially on the ground of lack of specificity. On April 6, 2007, the Court orally sustained the demurrer as to all three counts due to lack of specificity and granted Plaintiff leave to amend by April 25, 2007. The Court entered an order to this effect on June 6, 2007. On April 20, 2007, Plaintiff amended her original complaint ("amended complaint"). The amended complaint alleged only undue influence and did not speak to fraud or breach of fiduciary duty. On May 14, 2007, Brooks demurred to the amended complaint, and on June 6, 2007, the Court orally overruled the demurrer. The case proceeded to trial on undue influence on July 2, 2008. During the trial, Plaintiff took a voluntary nonsuit on the 2006 case, pursuant to Va. Code § 8.01-380 (2007). On July 14, 2008, Plaintiff filed the instant complaint ("2008 case" or "2008 complaint"), alleging the exact same facts and grounds as those alleged in the fraud and breach of fiduciary duty counts of her 2006 complaint. Defendant has filed a Plea in Bar and a Demurrer to the 2008 complaint.

## Discussion

### A. Plea in Bar

In her Plea in Bar, Defendant asks the Court to dismiss the 2008 complaint because the Court's order of June 6, 2007, sustaining the demurrer is *res judicata* as to all future litigation by Plaintiff of any claims arising out of her execution of a deed on July 22, 2005, particularly claims of fraud and breach of fiduciary duty. In addition, Defendant argues that these claims are barred by the statute of limitations, which is two years in this case. Defendant alleges that the instant action is an entirely new action that in no way amends the 2006 complaint, whose claims of fraud and breach of fiduciary duty were dismissed on June 6, 2007, following Defendant's successful demurrer.

Rule 1:6 of the Supreme Court of Virginia describes *res judicata* claim preclusion:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, *is decided on the merits by a final judgment,* shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Va. Sup. Ct. R. 1:6(a) (emphasis added).

Therefore, for *res judicata* to apply and prevent this action from going forward, the claims for fraud and breach of fiduciary duty in the 2006 complaint must have been decided (1) on the merits and (2) by a final judgment.

First is the question of whether there has been a decision on the merits with respect to these two counts in the original complaint. On June 6, 2007, the Court, through written order, sustained Defendant's demurrer to all three counts of the 2006 complaint, including the counts of fraud and breach of fiduciary duty. "A general demurrer which denies the right of the plaintiff to recover on the cause of action alleged, which is sustained, is a decision on the merits." *Brunner v. Cook,* 134 Va. 266, 272, 114 S.E. 650, 651-52 (1922) (citations omitted). The Supreme Court in *Gimbert v. Norfolk S. RR.* agreed: "A decision of an issue of law on a demurrer is a decision on the merits. . . ." 152 Va. 684, 689, 148 S.E. 680, 682 (1929), *quoted in Griffin v. Griffin,* 183 Va. 443, 450, 32 S.E.2d 700, 702 (1945). "[A] demurrer must go to the heart of the cause, and, if it is sustained, it is a decision on the merits of the cause." *Griffin,* 183 Va. at 449, 32 S.E.2d at 703. Therefore, in light of this case law, the Court's June 6, 2007, order sustaining the demurrer to these same two counts in the 2006 complaint constitutes a decision on the merits.

Next is the question of whether there has been a final judgment on these two counts. If an order sustaining demurrers to the merits of a case "merely sustains such a demurrer, it is not a final order; to be final, it must go further and dismiss the case." *Norris v. Mitchell,* 255 Va. 235, 239, 495 S.E.2d 809, 811 (1998) (citing *Bibber v. McCreary,* 194 Va. 394, 395, 73 S.E.2d 382, 383 (1952)). *Bibber* states as follows: "This court has consistently held that an

order merely sustaining or overruling a demurrer to a declaration or motion for judgment is not final. An order sustaining such a demurrer, in order to be final within the meaning of [the Code], must go further and dismiss the case." 194 Va. at 395, 73 S.E.2d at 383 (quoting *Gillespie v. Coleman*, 98 Va. 276, 277, 36 S.E. 377, 377 (1900) ("The sustaining or overruling of a demurrer to a declaration is not final. To make it final in the former case, there must be a judgment of dismissal.")). The *Bibber* Court found "There is nothing in this record to indicate that the instant case has been dismissed from the docket; hence it is still pending." *Id.* at 397, 73 S.E.2d at 384. More recently, the Supreme Court addressed the effect of a plaintiff's failing to utilize the leave to amend granted by a court upon sustaining a demurrer: "[A]n order that sustains a demurrer *and dismisses the case* if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the plaintiff's failure to file an amended motion within the specified time." *Berean Law Group, P.C. v. Cox*, 259 Va. 622, 626, 528 S.E.2d 108, 112 (2000) (emphasis added). Therefore, by implication, an order that sustains a demurrer and grants the plaintiff leave to amend within a specified time, but does not also dismiss the case if the plaintiff fails to so amend, does not become a final order upon his failure to file an amended motion within the specified time. *See Sue v. Park*, 70 Va. Cir. 113 (Fairfax County, 2005).

In the instant case, the Court's June 6, 2007, order sustaining Defendant's demurrer on all three counts of the 2006 complaint does not contain any language of dismissal. Under case law, absent such language, this order is not a final order in the case; therefore, the counts of fraud and breach of fiduciary duty were still pending at the time of Plaintiff's nonsuit on July 2, 2008. Ultimately, they were nonsuited, as they were part of the 2006 case that Plaintiff nonsuited. Contrary to Defendant's assertion, these counts were never dismissed.

In summary, the order sustaining the demurrer on these two counts was a decision on the merits, but was not a final judgment. The order granting the nonsuit constitutes a final judgment with respect to these two counts, but is not

a decision on the merits. Absent a final judgment on the merits, *res judicata* and Rule 1:6 do not apply to the instant case.[1]

Having determined that *res judicata* is inapplicable, next is the issue of whether the counts of fraud and breach of fiduciary duty are barred by the statute of limitations. Because these counts were still pending at the time Plaintiff nonsuited the 2006 case, the Code's provision on the effect of a nonsuit on the statute of limitations applies to these counts:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer.

Va. Code § 8.01-229(E)(3) (2007).

Thus, Plaintiff had six months from the date of the Court's order of nonsuit to recommence his action. Plaintiff moved for a nonsuit on July 2, 2008, and the Court orally granted it. The instant case was filed on July 14, 2008, twelve days after her motion for nonsuit was granted. As a result, the instant case is not barred by the statute of limitations.

Therefore, for the foregoing reasons, the Court overrules Defendant's Plea in Bar.

## B. *Demurrer*

In her Demurrer, Defendant asks the Court to dismiss the 2008 complaint because it does not sufficiently state a cause of action on which the relief sought can be granted. Defendant's reasons are as follows: (1) the 2008 complaint is barred by *res judicata* since these counts were dismissed in the

---

[1] The Court recognizes that *Gimbert* states, "A decision of an issue of law on a demurrer is a decision on the merits *and constitutes res adjudicata as to any other proceedings where the same parties and the same issues are involved.*" 152 Va. at 689, 148 S.E.2d at 682 (emphasis added), *quoted in Griffin*, 183 Va. at 450, 32 S.E.2d at 702. However, this historic notion is no longer accurate under Rule 1:6, effective July 1, 2006, which requires a final judgment on the merits. Thus, while an order sustaining a demurrer is a decision on the merits, it does not, without also containing dismissal language making the order final, constitute *res judicata* as to future proceedings.

2006 case; (2) Plaintiff should be estopped from complaining of matters already fully adjudicated in light of her acceptance of the June 6, 2007, order without appeal; (3) Plaintiff has neither sought nor obtained permission from the Court to refile the original complaint, nor has she requested that the Court reconsider the matters dismissed, or amend or vacate the June 6, 2007, order; (4) to the extent the 2008 complaint is an amended version of the 2006 complaint, it is untimely because the amendment period has expired; and (5) should the 2008 complaint not be dismissed for any of the foregoing reasons, the demurrer should be sustained in light of the Court's order sustaining the demurrer on these same counts in the first case and Plaintiff's alleging the exact same facts and grounds as those alleged in the fraud and breach of fiduciary duty counts of her original complaint. In the fifth ground, Defendant re-alleges and incorporates by reference her successful demurrer from the 2006 case, dated February 23, 2007.

The Court's ruling herein regarding the Plea in Bar addresses grounds one through four of Defendant's demurrer and will not be restated here. Regarding ground five of the demurrer, in a response to Defendant's Plea in Bar and Demurrer, Plaintiff states, "On or about July 14, 2008, Plaintiff filed another complaint against the same Defendant alleging the exact same facts and grounds as those alleged in Count I: Fraud and Count III: Breach of Fiduciary Duty of her original complaint filed on or about December 1, 2006." (Resp. to Def.'s Dem. and Plea in Bar 2, ¶ 8.) By Plaintiff's own admission, and as is apparent to the Court upon review of the 2006 and 2008 complaints, the allegations in these two counts in the 2008 complaint are substantially unchanged from those in the 2006 complaint. The Court sustained a demurrer to these counts in the 2006 case on the ground that the allegations lacked specificity. Likewise, the Court sustains the demurrer in the instant case.

## Conclusion

For the foregoing reasons, Defendant's Plea in Bar is overruled, and the Demurrer is sustained. Plaintiff is granted leave to amend on or before February 20, 2009, should she be so advised. Should Plaintiff elect not to amend her Complaint on or before February 20, 2009, then the Complaint shall be dismissed.