COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


TRAVIS PRIEST
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1072-06-1                      JUDGE ROBERT J. HUMPHREYS
                                                    MARCH 20, 2007
DEANNA CREDLE


        FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
                        COUNTY OF JAMES CITY
                      Samuel T. Powell, III, Judge

            E.D. David (Jennifer O. David; David, Kamp, & Frank, L.L.C., on
            briefs), for appellant.

            Lawrence E. Luck (Edward J. Bell, III, Guardian *ad litem* for the
            minor children; Tracy McMurtrie Luck & Associates, on brief), for
            appellee.


        Travis Priest ("father") appeals the denial of his motions to relocate and motions to

amend visitation pertaining to his three children.  He also appeals the trial court's award of joint

and primary physical custody to the children's mother, Deanna Credle ("mother").  Father argues

that:  (1) the trial court erred in its application of the best interest of the child factors under Code

§ 20-124.3, (2) the trial court erred in accepting the recommendation of the guardian *ad litem* as

to the best interests of the children, (3) the trial court erred in failing to consider that the

advantages accruing to father from relocation would also benefit the children, and (4) the trial

court erred in awarding joint and primary physical custody to mother when the trial court

expressed reservations about mother's fitness as a parent.  For the reasons set forth below, we

find no error and affirm.  Because father's second and third questions presented are essentially

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the same, we address them together. We also refrain from addressing father's fourth question presented because it is procedurally defaulted.

## ANALYSIS

Father's arguments on appeal are essentially twofold. First, father contends that the trial court erred in denying his motion to amend visitation and by awarding custody of the children to mother because it did not apply the correct standard, which is the best interests of the children standard. Second, father argues that, assuming the trial court did apply the correct legal standard, the evidence did not support the trial court's finding that living with mother would be in the best interests of the children.

### A. Standard of Review

We review the evidence in the light most favorable to mother as the party who prevailed below. Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990). We review the propriety of the trial court's decision for abuse of discretion in advancing the best interests of the children. See id. ("In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child."). In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests. See Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986). A trial court's determination of the children's best interests is not reversible on appeal unless the trial court abuses its discretion in making that determination. See M.E.D. v. J.P.M., 3 Va. App. 391, 398, 350 S.E.2d 215, 220 (1986). Furthermore, "a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

B.  The Best Interests of the Children

Father first argues that the trial court erred by awarding custody to mother because it did not determine whether living with mother in Williamsburg would be in the best interests of the children.  "In determining whether to modify a decree giving a custodial parent permission to remove children from the state, the court must find:  (1) a material change in circumstances since the prior decree; and, (2) that relocation would be in the children's best interests."  Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004).  Likewise, in determining whether to modify custody, the court must find that modification of custody is in the best interests of the child.  Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996).  "The trial court's determination must be based on all the evidence, the factors listed in Code § 20-124.3,[1]

---

[1] Code § 20-124.3 provides:

In determining best interests of a child for purposes of determining custody or visitation arrangements including any pendente lite orders pursuant to § 20-103, the court shall consider the following:

1. The age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;
2. The age and physical and mental condition of each parent;
3. The relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;
4. The needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;
5. The role that each parent has played and will play in the future, in the upbringing and care of the child;
6. The propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;
7. The relative willingness and demonstrated ability of each parent to maintain a close and continuing relationship with the child, and the ability of each parent to cooperate in and resolve disputes regarding matters affecting the child;

- 3 -

and the best interests of the child 'as viewed under the circumstances existing at the time of the decision.'" O'Rourke v. Vuturo, 49 Va. App. 139, 151, 638 S.E.2d 124, 129 (2006) (quoting Cloutier v. Queen, 35 Va. App. 413, 425, 545 S.E.2d 574, 580 (2001)) (footnote added). The court must examine the statutory factors, but "is [not] required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Wooley v. Wooley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). Furthermore, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Farley, 9 Va. App. at 329, 387 S.E.2d at 796.

The trial court found that a material change in circumstances had occurred. Father does not contest that finding on appeal. Rather, he argues that the trial court relied on the recommendation of the guardian *ad litem* and did not address the statutory factors concerning a child's best interests in Code § 20-124.3. In support of his argument, father cites the trial court's statement during the October 19, 2005 *ore tenus* hearing: "if it hadn't been for [the guardian *ad litem's*] recommendation, the children would be on their way to Florida this afternoon."

In this case, the trial court announced that in granting mother custody of the children, the deciding issue was "what's best for [the children]." Father argues that the court based its decision solely on the recommendation of the guardian *ad litem*, yet in making this argument, father ignores the obvious. The trial court may very well have relied on the recommendation of

---

8. The reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age and experience to express such a preference;
9. Any history of family abuse as that term is defined in § 16.1-228. If the court finds such a history, the court may disregard the factors in subdivision 6; and
10. Such other factors as the court deems necessary and proper to the determination.

The judge shall communicate to the parties the basis of the decision either orally or in writing.

- 4 -

the guardian *ad litem* in determining that staying in Williamsburg was in the children's best interests. See Code § 20-124.3(10) (a court may consider "[s]uch other factors as the court deems necessary and proper to [its] determination"). See also Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995) ("[T]he recommendation of the guardian *ad litem* . . . while not binding or controlling, should not be disregarded."). Although the court did not specifically state that it had considered the statutory provisions of Code § 20-124.3 when it made its ruling on October 19, 2005, it did so when it made its ruling on December 7, 2005, and more importantly, it did so in its final custody and visitation order, dated April 13, 2006. See Berean Law Group, P.C. v. Cox, 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000) ("It is the well-established law of this Commonwealth that a circuit court speaks only through its written orders.").

We are unable to find anything in the record rebutting the presumption that the trial court considered the best interests of the children and the provisions of Code § 20-124.3 when it made its decision. Consequently, we hold that the trial court did not abuse its discretion in awarding mother primary custody of the children.

### C. The Sufficiency of the Evidence

We next address father's claim that the evidence did not support the finding that living with mother would be in the best interests of the children. As stated above, a determination of the best interests of a child will not be set aside unless plainly wrong or without evidence to support it. Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

In the case before us, Maroletti, the children's maternal grandmother, testified that mother "had made amazing strides since 2001 . . . and was not the demented, crazy person [father] would paint her out to be." See Code § 20-124.3(2) ("[T]he court shall consider . . . the age and physical and mental condition of each parent[.]"). Maroletti also testified regarding the dedicated relationship mother has with her children, including helping Alex with an exercise

regimen to improve his physical education grade.  Furthermore, the record contains evidence of a strained relationship between father and Kristin.  The only response father seems to undertake is to impose increasingly strict limitations on her behavior and activities.  See Code § 20-124.3(3) ("[t]he relationship existing between each parent and each child").

There was evidence in the record that the children have lived in Williamsburg all of their lives, all of the children's friends live in Williamsburg, and any type of extended family that the children have any type of relationship with also live in Williamsburg.  See Code § 20-124.3(4) ("[t]he needs of the child[ren], giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members").  The record further establishes that sending the children to Florida would significantly curtail mother's relationship with the children, and hamper her involvement in their schooling and other activities.  See Code § 20-124.3(5) ("[t]he role that each parent has played and will play in the future, in the upbringing and care of the child").  And, the children expressed their desire to remain in Williamsburg.  See Code § 20-124.3(8) ("[t]he reasonable preference of the child, if the court deems the child to be of reasonable intelligence, understanding, age, and experience to express such a preference").  Finally, the guardian *ad litem* expressed his recommendation that the children stay in Williamsburg.  See Code § 20-124.3(10) ("[s]uch other factors as the court deems necessary and proper to the determination").  Looking at the record as a whole, we are unable to say that the trial court's determination of the best interests of the children is unsupported by the evidence.

Father also contends that the trial court erred by not considering that the advantages accruing to father from relocating to Florida would also benefit the children.  Specifically, father argues that moving to Florida would cause his stress level to drop, in turn making him a better, more reasonable parent.  He also argues that the children would benefit because they would be in

a more stable home.  As trier of fact, however, the trial court is presumed to have already considered this, and to have ultimately ruled in favor of mother.  See Farley, 9 Va. App. at 329, 387 S.E.2d at 796.  We thus reject father's argument in this regard as well.

We hold that the trial court's determination of the best interests of the children was supported by the evidence, and, thus, the court did not abuse its discretion in making this determination.

### D.  Grandmother's Petition for Custody and the Involvement of CASA

Father's final argument on appeal is that the trial court was plainly wrong in awarding mother primary custody of the children when the trial court had such reservations about doing so that it directed Maroletti to petition for joint custody and also recommended that CASA be assigned to the case.  This is essentially a continuation of father's previous argument, that the evidence did not support the trial court's determination of the best interests of the children.  Nonetheless, we decline to address this particular argument, because father presented no authority or principle of law in support of it.  "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'"  Budnick v. Budnick, 42 Va. App. 823, 833, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20 (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

Because father has presented no authority or citations in support of these arguments, father has waived these arguments on appeal.  Thus, we decline to address them.  See Rule 5A:20(e).

### E.  Attorney's Fees

The final issue before us is mother's request for attorney's fees in connection with this appeal.  In determining the propriety of such an award, we "view the record in its entirety and

determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment." O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). After reviewing the record, we deny mother's request for attorney's fees and costs on appeal.

CONCLUSION

We hold that the trial court applied the correct standard in determining the best interests of the children and that there was sufficient evidence to support such a determination. The trial court, therefore, did not abuse its discretion by denying father's motion to amend visitation, and awarding primary physical custody to mother. Accordingly, we affirm.

Affirmed.