Present: Compton, Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Whiting, Senior Justice

DAVID S. NORRIS, ET AL.

v. Record No. 970461

OPINION BY
SENIOR JUSTICE HENRY H. WHITING
January 9, 1998

CALVIN D. MITCHELL, JR., ET AL.

FROM THE CIRCUIT COURT OF MATHEWS COUNTY
John M. Folkes, Judge

In this appeal, we decide (1) at what point an order that sustained a demurrer and dismissed an action but gave the plaintiffs leave to amend within a certain period became final, and (2) whether the circumstances of this case required sellers of residential property to disclose to the purchasers the contents of a public document describing a restriction on the use of the property being sold.

The trial court decided the case by sustaining the defendants' demurrer. Therefore, we accept as true the following material facts expressly alleged in the motion for judgment and all reasonable inferences which may be fairly drawn from those facts. Heyward & Lee Constr. Co. v. Sands, Anderson, Marks & Miller, 249 Va. 54, 55, 453 S.E.2d 270, 271 (1995).

Calvin D. Mitchell, Jr., and Marie D. Mitchell, husband and wife (the sellers), contracted to sell a house and lot in the Chesapeake Shores subdivision in Mathews County to David S. Norris and Agnes A. Norris, husband and wife (the purchasers). The contract was "contingent upon satisfactory reports from a qualified . . . septic inspection."

Cindy Fox, the sellers' real estate agent, arranged to have Allen S. Farmer perform the septic inspection. After doing so,

Farmer wrote Fox that the "septic System is not operating properly at this time."  Upon being notified by Fox of the results of Farmer's inspection, the purchasers told Fox that the septic system would have to be repaired before settlement.  Fox, acting for the sellers, employed Farmer to make the necessary repairs.  Farmer obtained a construction permit from the county containing the following provisions:  "Recommendations: Summertime use, no laundry, aerated faucets, low flush toilets[.] Conserve water."

After Farmer completed his work and certified that the "septic system had been installed and completed in accordance with the construction permit," the system was inspected and approved by the county.  Although they were told that the system had been repaired, the purchasers were not given a copy of the permit.  Nor were they told of the reservations noted on the permit prior to closing, even though they had advised Fox that they planned to have their son occupy the house on a "year-round basis."

The parties completed the sale on September 13, 1994, and the purchasers took possession of the property.  Thereafter, they made substantial improvements to the house.

Almost immediately after the purchasers' son began living in the house in January, 1995, he "experienced difficulty with the use of the toilet."  When the purchasers asked Fox what Farmer had done to the septic system to repair it, Fox sent them a copy of the construction permit containing the above-quoted restrictions.  This was the first time the purchasers became

aware of the restrictive language in the permit.

Upon being advised that they would be required to "expend substantial funds to upgrade the septic system in order that the property [could] be used on a year-round basis," the purchasers sued the sellers and the attorney who represented all the parties at the closing. Among other things, the purchasers claimed breaches of a duty to give them a copy of the construction permit and to advise them of the restrictions noted thereon. Concluding that the purchasers' motion for judgment failed to state a cause of action, the court sustained demurrers filed by the defendants and dismissed the action in a written order entered June 20, 1996.

However, the order granted the purchasers leave to file an amended motion for judgment on or before July 8, 1996. Three days before the July 8 deadline, the purchasers filed a motion for a nonsuit which the court granted in a written order entered on July 15, 1996. That order was entered more than 21 days after the June 20 order, but less than 21 days after the July 8 deadline.

In August 1996, the purchasers again sued the sellers, making the allegations described earlier and this time claiming that the sellers had committed an act of fraud.[1] After sustaining the sellers' plea of res judicata and a demurrer, the court dismissed the second action. The purchasers appeal.

First, we decide whether the court correctly sustained the

---

[1]Although the purchasers also sued Fox and her employer, the trial court's dismissal of the action against them has not been appealed.

sellers' plea of res judicata.  The sellers contend that the court was correct because the dismissal order in the first action was a final order effective on the date it was entered and, under Rule 1:1, the court lost jurisdiction to enter the nonsuit order more than 21 days after that effective date.[2]  The purchasers argue that the sellers cannot now contest the validity of the nonsuit order since they did not appeal the judgment of the court in entering the nonsuit order.

If the dismissal order were a final order, the court would have lost jurisdiction to enter the order of nonsuit more than 21 days after the dismissal order was entered, even though the purchasers' motion for a nonsuit was filed within 21 days after the dismissal order was entered.  School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989).  We resolve this issue by a consideration of the effect of an order sustaining demurrers to the merits of a case and dismissing it.  If the order merely sustains such a demurrer, it is not a final order; to be final, it must go further and dismiss the case.  Bibber v. McCreary, 194 Va. 394, 395, 73 S.E.2d 382, 383 (1952).  However, if the order also gives the plaintiff leave to amend, it does not become final "until after the time limited therein for the plaintiff to amend his bill has expired."  London-Virginia Mining Co. v. Moore, 98 Va. 256, 257, 35 S.E. 722, 723

---

[2]Rule 1:1 provides in pertinent part:

All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after date of entry, and no longer.

(1900).

Hence, the dismissal order in question could not have become final until the July 8 deadline. Thus, the court had 21 days after that time in which to "modif[y], vacate[], or suspend[]" its order. Rule 1:1. Within that time, the court modified its order sustaining the sellers' demurrer by entering its order of nonsuit, which became the final order in the case. Thus, the order of June 20, sustaining the demurrer and dismissing the first action, was not a final order, an essential element for the imposition of the doctrine of res judicata. Arkansas Best Freight Sys., Inc. v. H.H. Moore, Jr. Trucking Co., 244 Va. 304, 307, 421 S.E.2d 197, 198 (1992); Faison v. Hudson, 243 Va. 413, 419, 417 S.E.2d 302, 304 (1992). Accordingly, we conclude that the trial court erred in sustaining the sellers' plea of res judicata.

And since the sellers did not appeal the trial court's action in granting the nonsuit, the order of nonsuit became the final order in the first action and the law of this case. Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 49, 348 S.E.2d 223, 227–28 (1986); Searles v. Gordon, 156 Va. 289, 294, 157 S.E. 759, 761 (1931). Therefore, we treat the order as correctly entered.

Next, we turn to the merits of the trial court's ruling in sustaining the sellers' demurrer. Because of the absence of any allegations by the purchasers that the sellers intentionally concealed the limitations upon the use of the septic system noted in the construction permit, the sellers argue that the trial court was correct in its ruling.

The purchasers respond that their allegation of the failure of the sellers or Fox, their agent, to show them the construction permit or advise them of its limitations, was tantamount to an allegation of false representation, citing <u>Van Deusen v. Snead</u>, 247 Va. 324, 328, 441 S.E.2d 207, 209 (1994), and <u>Spence v. Griffin</u>, 236 Va. 21, 28, 372 S.E.2d 595, 598-99 (1988), in support.  We find no merit in this contention.

The purchasers recognize that one of the essential elements of their cause of action for fraud is "a false representation." <u>Van Deusen</u>, 247 Va. at 327, 441 S.E.2d at 209.  The purchasers alleged that the sellers "committed an act of fraud when they concealed from [them] the reservations noted on the septic Permit which information [the purchasers] had a right to expect disclosure."  Thus, the purchasers equate concealment with a failure to perform a duty to disclose.

> However, we have held that
>     [f]or purposes of an action for fraud, concealment, whether accomplished by word or conduct, may be the equivalent of a false representation, <u>because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth.</u>  A contracting party's willful nondisclosure of a material fact that he knows is unknown to the other party may evince an intent to practice actual fraud.

<u>Van Deusen</u>, 247 Va. at 328, 441 S.E.2d at 209 (quoting <u>Spence</u>, 236 Va. at 28, 372 S.E.2d at 598-99) (emphasis added). Therefore, we have required either an allegation or evidence of a knowing and a deliberate decision not to disclose a material fact.

> The Van Deusen amended bill of complaint alleged
> that [the sellers of a residence] had "put new
> mortar in cracks around the foundation" and placed
> "materials and the like in front" of cracks in the
> basement to prevent the prospective purchasers "from
> detecting the defects of the house" and "for the
> purpose of diverting their attention from the
> settlement of the house."

247 Va. at 329, 441 S.E.2d at 210. In Spence, to induce the donor-grantor of a charitable gift of land not to read the deed carefully, the donee-grantee and his agent represented to the grantor that the deed contained a reversionary clause as the grantor intended when they knew it did not. 236 Va. at 29, 372 S.E.2d at 599.

Here, however, there is no allegation of a deliberate decision to conceal from the purchasers the limitations of use noted on the construction permit. Indeed, the construction permit was an official record, Code § 2.1-341, available for inspection by the public under the provisions of Code § 2.1-342(A), and required to be posted on the property before the work began. Code § 43-4.01(A). And the purchasers do not allege that the sellers did anything to divert them from inspecting the permit.

Additionally, the doctrine of caveat emptor required the purchaser to discover defects in the property which a reasonable inspection would have disclosed, unless the sellers did or said anything to "divert [the purchasers] from making the inquiries and examination which a prudent man ought to make." Horner v. Ahern, 207 Va. 860, 864, 153 S.E.2d 216, 219 (1967). As we have noted, there is no claim that the sellers diverted them from

inspecting the permit.  The purchasers merely claim that the sellers had an affirmative duty to call their attention to the restrictions.  We hold that there was no such duty under the circumstances of this case.

Accordingly, we find no error in the action of the trial court in holding that the purchasers had not alleged a cause of action for fraud.  For this reason, we will affirm the judgment of the trial court.

Affirmed.