Present: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and
Kinser, JJ., and Poff, Senior Justice

THE BEREAN LAW GROUP,
P.C., ET AL.
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 991641              April 21, 2000

DAVIE L. COX

            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    E. Everett Bagnell, Judge

    In this appeal, we consider whether the circuit court had

control over a final order when it entered a later order

permitting a plaintiff to take a voluntary nonsuit.

    Plaintiff, Davie L. Cox, filed his motion for judgment

against The Berean Law Group, P.C., David T. Daulton, Brett

Lucas, Davis & Brynteson, P.C., Douglas W. Davis, Mark D.

Brynteson, and Richard L. Popp.  The plaintiff alleged that

the defendants, who are either attorneys or professional

corporations, committed acts of legal negligence against him

when they represented him in a prior action against his former

employer.

    The defendants filed demurrers to the plaintiff's motion

for judgment.  The circuit court ruled during a hearing on

August 25, 1998, that it would sustain the demurrers and that

the plaintiff would be permitted to file an amended motion for

judgment.  The circuit court also ruled on other motions

during the hearing, including the defendants' motion to compel

the plaintiff to produce certain documents. The plaintiff advised the circuit court that he was required, pursuant to the terms of a settlement agreement, to give notice to counsel for his former employer before producing certain documents which were the subject of the motion to compel. The circuit court granted the defendants' motion to compel, but permitted the plaintiff to comply with the terms of the confidentiality provisions in the settlement agreement.

The circuit court entered two orders on September 24, 1998. Both orders were endorsed by counsel. One order sustained the defendants' demurrers and permitted the plaintiff to file an amended motion by a certain date. This order stated in relevant part:

> "It is ORDERED that the Demurrers to the Motion for Judgment filed on behalf of [the defendants] be, and . . . hereby are, SUSTAINED and that plaintiff's action against [the defendants] shall STAND DISMISSED unless on or before September 17, 1998, the plaintiff shall file an Amended Motion for Judgment which is sufficient in law, leave to file such an Amended Motion for Judgment being hereby GRANTED."

The other order, captioned "ORDER FOR PRODUCTION AND PROTECTIVE ORDER" stated in relevant part:

> "Plaintiff's counsel having represented to the court that [a] confidentiality agreement requires the plaintiff to give notice to counsel [for certain parties] in the event that production of documents subject to said agreement are sought in a judicial proceeding, it is FURTHER ORDERED that this order shall be, and it hereby is, SUSPENDED for thirty

2

days following its entry, during which thirty day
period plaintiff's counsel shall promptly provide
. . . the notice required by the aforesaid
confidentiality agreement and a copy of this order."

Also, on September 24, 1998, counsel for plaintiff and
defendants had a telephone conference with the circuit court.
During that conference, the circuit court agreed to extend the
time in which the plaintiff would be required to file his
amended motion for judgment. The plaintiff claims that the
court ruled during this telephone conversation that he was
entitled to file an amended motion for judgment no later than
November 16, 1998. The defendants claim that the plaintiff
was required to file an amended motion for judgment no later
than October 30, 1998. The circuit court had no recollection
of the extension date. Neither counsel for plaintiff nor
defendants requested that the circuit court enter an order
suspending, modifying, or vacating the September 24, 1998
order which sustained the demurrers.

On November 16, 1998, plaintiff delivered a "Notice and
Amended Motion for Judgment" to the clerk of the circuit
court. On December 8, 1998, the defendants filed a "Joint
Motion to Reject and to Dismiss Plaintiff's Amended Motion for
Judgment and to Remove Action from Court's Docket" because
more than 21 days had elapsed following the entry of the
September 24, 1998 order that sustained the demurrers. On

3

December 18, 1998, the plaintiff filed a motion for a nonsuit. The defendants opposed the motion. The circuit court considered memoranda and argument of counsel and entered an order dated April 1999 that permitted the plaintiff to nonsuit his action. The defendants appeal.

Rule 1:1 states in part:

> "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. . . . The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge."

The defendants argue that the circuit court could not consider the plaintiff's motion for a nonsuit because the court lost control over the plaintiff's action 21 days after the entry of the September 24, 1998 order that sustained the demurrers. Responding, the plaintiff argues that the September 24, 1998 order which granted him leave to file an amended motion was not a final order. Continuing, the plaintiff asserts that this order was modified, vacated, or suspended within the intendment of Rule 1:1 by the "ORDER FOR PRODUCTION AND PROTECTIVE ORDER." We disagree with the plaintiff.

It is the well-established law of this Commonwealth that a circuit court speaks only through its written orders.

4

Austin v. Consolidation Coal Co., 256 Va. 78, 81, 501 S.E.2d 161, 162 (1998); Walton v. Commonwealth, 256 Va. 85, 94, 501 S.E.2d 134, 140, cert. denied, 525 U.S. 1046 (1998); Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996); Town of Front Royal v. Front Royal and Warren County Industrial Park Corp., 248 Va. 581, 586, 449 S.E.2d 794, 797 (1994); Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 235 n.*, 445 S.E.2d 116, 117 n.* (1994).  Additionally, an order of the circuit court becomes final 21 days after its entry unless modified, vacated, or suspended by the court during that time.  Rule 1:1.

We have stated that

> "[n]either the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . .  The running of time under [Rule 1:1] may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order."

School Bd. v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989) (citations omitted); accord Wagner v. Shird, 257 Va. 584, 587, 514 S.E.2d 613, 614-15 (1999).  Moreover, an order that sustains a demurrer and dismisses the case if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the

5

plaintiff's failure to file an amended motion within the specified time.  Norris v. Mitchell, 255 Va. 235, 239, 495 S.E.2d 809, 811 (1998); accord Bibber v. McCreary, 194 Va. 394, 395, 73 S.E.2d 382, 383 (1952); London-Virginia Mining Co. v. Moore, 98 Va. 256, 257, 35 S.E. 722, 723 (1900).

The plaintiff, relying upon Norris, argues that the circuit court did not lose control over the September 24, 1998 final order and, thus, his nonsuit motion was timely.  We disagree.  In Norris, the circuit court held that a motion for judgment failed to state a cause of action, and the court sustained the defendants' demurrers and dismissed the action in a written order entered June 20, 1996.  This order granted the plaintiffs leave to file an amended motion on or before July 8, 1996.  Three days before the July 8 deadline, the plaintiffs filed a motion for a nonsuit which the court granted in a written order entered on July 15, 1996.  The order granting the nonsuit was entered more than 21 days after the June 20 order, but less than 21 days after the July 8 deadline.  Norris, 255 Va. at 238, 495 S.E.2d at 811.  We held in Norris that the circuit court's written order that gave the plaintiffs leave to file an amended motion for judgment could not have become final until the July 8 deadline.  Thus, the circuit court had 21 days after that time in which to modify,

vacate, or suspend its order, and the circuit court did so by entering its order of nonsuit.  Id. at 239, 495 S.E.2d at 811.

Unlike Norris, the plaintiff in this action filed his nonsuit motion after the circuit court lost control of the September 24, 1998 order pursuant to Rule 1:1.  No written order was entered that modified, vacated, or suspended the circuit court's September 24, 1998 order sustaining the demurrers.  Additionally, the express language contained in that order states that the "plaintiff's action against [the defendants] shall STAND DISMISSED unless on or before September 17, 1998, the plaintiff shall file an Amended Motion for Judgment," which the plaintiff failed to do.

It is true, as the plaintiff asserts, that the circuit court agreed orally during a telephone conference with all counsel to permit the plaintiff to file an amended motion for judgment on a date later than the date specified in the September 1998 written order.  However, the circuit court's oral ruling cannot nullify its written final order, and it was incumbent upon the plaintiff to submit timely a written order to the circuit court suspending, modifying, or vacating the September 24, 1998 order sustaining the demurrers.

The plaintiff argues that the "ORDER FOR PRODUCTION AND PROTECTIVE ORDER" modified, vacated, or suspended the September 24, 1998 order that sustained the demurrers and

7

granted him leave to amend.  Continuing, the plaintiff says that one of the purposes of the "ORDER FOR PRODUCTION AND PROTECTIVE ORDER" was to permit him to obtain certain confidential information that he needed to plead certain facts in his amended motion for judgment.  The plaintiff also contends that the "ORDER FOR PRODUCTION AND PROTECTIVE ORDER," when read with the order sustaining the demurrers, creates an ambiguity, and, hence, the "ORDER FOR PRODUCTION AND PROTECTIVE ORDER" must be viewed as granting an extension of time in which he had to file his amended motion for judgment. The plaintiff's contentions are without merit.  We have reviewed both orders, and we conclude that the so-called "ORDER FOR PRODUCTION AND PROTECTIVE ORDER" did not vacate, modify, or suspend the circuit court's order fixing the time within which the plaintiff was required to file his amended motion for judgment.  Furthermore, no ambiguity exists between the two orders.

Finding no merit in the plaintiff's remaining arguments, we hold that the circuit court did not have control of the final order when it entered the written order granting the plaintiff's motion for a nonsuit.  Accordingly, we will reverse the order of nonsuit, and we will enter final judgment on behalf of the defendants.

Reversed and final judgment.

8