## CIRCUIT COURT OF THE CITY OF ROANOKE

Lynchburg Communications
Systems, Inc., et al.

v.

Ohio State Cellular
Phone Co., Inc., et al.

January 22, 2003

Case No. CL02-624

BY JUDGE CHARLES N. DORSEY

This case was heard on September 26, 2002, on the motions, demurrers, and special pleas filed by the Defendants. Having considered the evidence and arguments presented, the court will sustain the Defendants' demurrer as to defendants James Creekmore and Woods, Rogers & Hazlegrove, with leave to re-plead; overrule defendants' demurrer under Federal Rule 60; and deny defendants' motion objecting to venue.

Plaintiffs have alleged that Ohio State Cellular Phone Company, Inc. (OSC), Woods, Rogers & Hazlegrove (WRH), and Mr. Creekmore (collectively Defendants) intentionally and knowingly misrepresented or deliberately omitted material facts regarding a sublease between OSC and AEP ("sublease"), which became part of a settlement agreement, reached after court-ordered mediation.

Defendants demurred and objected to the sufficiency of the pleading, asserting that Plaintiffs had failed to plead facts supporting its contentions and

that Creekmore and WRH owed no duty to Plaintiffs. *Defendants' Responsive Pleading*, 5.

*Demurrer as to Fraud*

An allegation of fraud requires "clear and convincing evidence of an intentional and knowing misrepresentation of a material fact, made with the intent to mislead, and relied upon by another to their detriment." *Flippo v. CSC Assoc.*, 262 Va. 48, 66, 547 S.E.2d 216, 227 (2001). Concealment of a material fact may also constitute fraud where the concealing party knows the other party is acting on the assumption that no such fact exists. *See Van Deusen v. Snead*, 247 Va. 324, 441 S.E.2d 207 (1994) (*citing Clay v. Butler*, 132 Va. 464, 112 S.E. 697 (1922)).

In Virginia, pleadings are sufficient if they clearly inform the opposing party of the "true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). However, Virginia requires that actual fraud must be specifically pleaded with facts supporting the allegation. *See Potts v. Mathieson Alkali Works*, 165 Va. 196, 181 S.E. 521 (1935). A pleading for fraud "must show specifically in what the fraud consists . . . and since fraud must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 467 S.E.2d 778, 782 (1996) (citations omitted). While concealment may constitute fraud, it requires "evidence of a knowing and a deliberate decision not to disclose a material fact." *Norris v. Mitchell*, 255 Va. 235, 241, 495 S.E.2d 809, 812 (1998). In addition, to establish fraud, the "defrauded party must demonstrate the right to reasonably rely upon the misrepresentation." *Metrocall of Del., Inc. v. Continental Cellular Corp.*, 246 Va. 365, 374, 437 S.E.2d 189, 194-94 (1993) (citations omitted).

A demurrer challenges the sufficiency of factual allegations and contends that a motion for judgment does not state a cause of action upon which the relief demanded can be granted. *See* Va. Code Ann. § 8.01-273 (Michie 2000). A demurrer admits the truth of all material facts, properly pleaded, those facts, which are impliedly alleged, and those facts, which may be fairly and justly inferred. *See Delk v. Columbia HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (citations omitted).

Plaintiffs cite *Simmons v. Miller*, 261 Va. 561, 544 S.E.2d 666 (2001), for the proposition that an attorney may be held liable for fraud forwarded by the attorney's client during the course of representation. *Plaintiffs' Memorandum in Support of Plaintiffs' Opposition to Defendants' Motion for Sanctions, Opposition to Defendants' Special Pleas, Opposition to Defendants' Motion to Transfer Venue, and Opposition to Defendants' Demurrer*, 2, n. 3. *Miller* involved an alleged statutory conspiracy under

Virginia Code §§ 18.2-499, 18.2-500. *See id*. In *Miller*, the court simply held that the trial judge did not err in striking the statutory conspiracy claim since no evidence was presented indicating that the attorney "concerted together" with his client. *See id*. at 578, 579. Plaintiffs have not attributed any specific affirmative statements, which were made at mediation, to Creekmore. Plaintiffs merely allege that since Creekmore participated in drafting the settlement agreement which incorporated the allegedly fraudulent statements, Creekmore participated in the fraudulent conduct. Plaintiffs further claim that Creekmore confirmed the existence of a valid lease following mediation. *Plaintiffs' Memorandum* at 5.

Plaintiffs have made conclusory allegations that Creekmore concerted with his client to defraud them, but Plaintiffs have not specifically pleaded facts supporting the allegation that Creekmore and WRH "intentionally and knowingly" made a false statement or concealed a material fact regarding the existence of the "sublease" and the existence of an early termination clause. At the hearing, Plaintiffs proffered as support for this claim, a phone conversation with corporate counsel for AEP alleging that Creekmore had knowledge that the "sublease" had been terminated two weeks prior to mediation. This assertion alone is insufficient and has not been pleaded.

Virginia case law is limited on the issue of attorney liability to a third party. In *Ayyildiz v. Kidd*, 220 Va. 1080, 1085, 266 S.E.2d 108, 112 (1980), the Virginia Supreme Court noted that an attorney's "primary and paramount duty" is to their client and that liability is generally limited to their client, following some "dereliction of duty to the client." In *Ayyildiz*, the plaintiff-physician filed suit against his patient's attorney for malicious prosecution, following an unsuccessful malpractice suit against the physician. *See id*. The Court held that the attorney was under no legal duty to the physician and was not liable to him for negligence. The Court noted that "absent special circumstances, it generally is held an attorney can be liable for consequences of professional negligence only to a client." *Id*. at 1086 (*quoting Brody v. Rudy*, 267 N.W.2d 902 (Iowa 1978)).

In *Peterson v. Fairfax Hosp. Sys., Inc.*, 31 Va. Cir. 50 (Fairfax County 1993) (Horne, J.), plaintiffs alleged that the hospital's attorney actively participated to fraudulently conceal the cause of a patient's injuries. In *Peterson*, the court found the allegations were sufficient to withstand demurrer, since the pleadings properly asserted the fraudulent conduct of various defendants acting in concert where the defendants stated that the plaintiffs' son was the victim of a crime. *See id*. The defendants conspired to conceal an insulin overdose, administered by hospital staff, by claiming that a stranger administered the insulin to their son. *See id*. In *Peterson*, the court

distinguished *Ayyildiz*, based on the "nature of the fraud alleged," noting that *Ayyildiz* addressed the responsibility of an attorney to third parties within the context of an action for malicious prosecution and negligence, while *Peterson* involved intentional false statements regarding the victimization of the plaintiffs' son, designed to conceal the hospital's negligence. *Id.* at 64.

The Fourth Circuit has addressed the issues of whether legal counsel to an allegedly defrauding party owes a duty of disclosure to the allegedly defrauded party in the context of commercial transactions. *See Fortson v. Winstead*, 961 F.2d 469 (4th Cir. 1992). In *Fortson*, the Fourth Circuit, found that the attorney's role was limited to drafting disclosure letters to investors, providing an opinion regarding tax benefits, and did not include confirming the adequacy of financial disclosures. *See id.* The Fourth Circuit, applying securities laws and Texas common law, found that the attorney owed no duty of disclosure. *See id.* Under Texas law, "an attorney owes no duty to a third party in the absence of privity of contract" even when the attorney renders an opinion that he knows will be relied upon. *Id.* at 474. The court noted that the American Bar Association permits an attorney to "assume that facts related to him by the client are accurate, so long as he has no knowledge that would raise suspicion," and that lawyers need not independently verify their client's asserted facts, absent reason to believe they are untrue. *Id.* (noting that ABA opinions do not establish principles of law that give rise to legal causes of action).

The Fourth Circuit, applying Maryland law, held that a lawyer or law firm is not liable for the misrepresentations of a client, even if the lawyer incorporates the client's misrepresentation into legal documents or agreements necessary for closing a transaction. *See Schatz v. Rosenberg*, 943 F.2d 485 (4th Cir. 1991). The Fourth Circuit noted that "lawyers do not vouch for the probity of their clients when they draft documents reflecting their clients' promises, statements, or warranties. Thus, [the law firm's] alleged transmission of [its client's] misrepresentations does not transform those misrepresentations into the representations of [the law firm.]" *Id.* at 495. In *Schatz*, the plaintiffs never contended that the lawyer made any independent affirmative representations other than those made by the client. *See id.* The court found that when lawyers "paper the deal" by incorporating their client's representations, those representations do not become those of the lawyer as well as the client. *Id.* at 495.

In this case, to establish liability, Creekmore must have done more than "paper the deal," incorporating his client's representations. Plaintiffs' allegation that Creekmore concerted with his client in perpetuating a fraud is insufficient. Plaintiffs must offer more than conclusory allegations of

Creekmore's knowledge, and specifically state "in what the fraud consists." In reviewing the facts properly pleaded by the Plaintiffs, the facts impliedly alleged, and the facts, which may be justly inferred, I find that the allegation of fraud has not been pleaded with the requisite particularity necessary to maintain the fraud action against defendants, Creekmore and WRH. I sustain the Defendants' demurrer with respect to defendants Creekmore and WRH. I grant Plaintiffs leave to amend their motion for judgment, as provided by Rule 1:8 of the Supreme Court Rules, although the requisite facts to do so may not exist.

### Demurrer as to Federal Rule 60

Defendants assert that this court is without jurisdiction under Federal Rule 60, thus, that Plaintiffs' action is barred and that Plaintiffs' sole remedy lies in federal court. However, Rule 60 provides in pertinent part: "this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60. Thus, Rule 60, while providing a means for relief in federal court, does not bar the power of this court to entertain an independent action to relieve a party from a final judgment for fraud, misrepresentation, or other misconduct. Defendants' demurrer under Federal Rule 60 is overruled.

### Demurrer as to Venue

Defendants move to transfer this action to Bedford County arguing that the preferred venue lies where the property, which is the subject of the "sublease," is located. However, the subject of this suit is an allegation of fraud that occurred in the City of Roanoke, where two of the three defendants reside, and the third defendant is engaged in business. Venue is proper under Virginia Code § 8.01-262, which provides for permissible forums where the defendant resides, where the defendant regularly conducts business, or where any part of the cause of action arose. Defendants' motion objecting to venue is denied.

### Pleas in Bar

The Defendants' Pleas in Bar will require an evidentiary hearing. While I had assumed that the hearing on September 26, 2002, was to submit an identified body of facts for the court's determination, as permitted by *Kroger*

*Co. v. APCO*, 244 Va. 560 (1992), a review of the transcript does not make that clear. Consequently, counsel should agree on a scheduling order, or, if that is not possible, please schedule a telephone conference and I will set out a schedule. I anticipate that discovery will be concluded within sixty days, with a hearing date set thereafter. Pending hearing, I will not restrict discovery of either party, as has been requested, but remain available to address any specifics which may arise.