# CIRCUIT COURT OF GREENE COUNTY

Sam Miller

v.

Greene County
School Board

September 30, 2008

Case No. 079CL08000089-00

BY JUDGE DANIEL R. BOUTON

The court has reviewed the above referenced file, along with the arguments that have been submitted on the status of the case. The court will grant the motion to nonsuit the case and deny the motion to dismiss it with prejudice. The primary reason for the court's ruling is that the order of November 13, 2007, which sustained the demurrer of the defendants, did not actually dismiss the case. Therefore, it was not a final order, and the plaintiff retained his right to a voluntary nonsuit under the provisions of Va. Code § 8.01-380.

In support of its ruling, the court relies on the rationale of *Norris v. Mitchell*, 255 Va. 235, 495 S.E.2d 809 (1998), and *The Berean Law Group v. Cox*, 259 Va. 622, 528 S.E.2d 108 (2000). In *Norris*, the Supreme Court of Virginia made it clear that sustaining a demurrer does not necessarily dismiss a case. Rather, before an order is final, it must explicitly state that the case is dismissed. "We resolve this issue by a consideration of the effect of an order sustaining demurrers to the merits of a case and dismissing it. If the order merely sustains such a demurrer, it is not a final order; to be final, it must go further and dismiss the case." *Id.*, at 239. Citing *Norris*, the court again emphasized in *The Berean Law Group* that "an order that sustains a demurrer *and dismisses the case* if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the plaintiff's failure to file

an amended motion within the specified time." *Id.*, at 626 (emphasis mine). Both *Norris* and *The Berean Law Group* are also consistent with the reasoning and the holding of *Bibber v. McCreary*, 194 Va. 394, 73 S.E.2d 382 (1952). Finally, it should be noted that other circuit courts have reached a similar result. *Min Kyu Sue v. Sung Hoon Park*, 70 Va. Cir. 113, 2005 Va. Cir. LEXIS, 301 (Fairfax County, 2005). In the present case, although the demurrer was sustained, no final order dismissing the case had been entered prior to the plaintiff's motion for a nonsuit. Thus, the plaintiff's motion was timely and must be granted.