COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Athey and Callins

LUCIANO DILEONARDO

v.        Record No. 0305-24-4

ANDREW A. FANOUS, M.D., ET AL.

OPINION BY
JUDGE CLIFFORD L. ATHEY, JR.
MARCH 4, 2025

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Kathleen M. Uston, Judge

(Ryan M. Schmalzle; SG Law PLC, on brief), for appellant.
Appellant submitting on brief.

(Cynthia L. Santoni; Aneta Nikolic; Blankingship & Keith, P.C., on
brief), for appellees.  Appellees submitting on brief.


        Luciano DiLeonardo ("DiLeonardo") filed a complaint in the Circuit Court of the City of

Alexandria ("circuit court") alleging malpractice against Andrew A. Fanous, M.D., and Inova

Healthcare Services (collectively "Inova").  Inova demurred.  By agreed order, the circuit court

sustained Inova's demurrer to the complaint without prejudice and further granted DiLeonardo

leave to file an amended complaint within a specific timeframe, which he failed to do.  As a

result, Inova moved to dismiss the original complaint with prejudice.  In response, DiLeonardo

moved to nonsuit the original complaint.  The circuit court determined that it lacked jurisdiction

to grant DiLeonardo's nonsuit because DiLeonardo failed to timely file an amended complaint,

and the voluntary nonsuit was requested more than 21 days after the last date for filing the

amended complaint had passed.  On appeal, DiLeonardo contends that the circuit court erred in

determining that it lacked jurisdiction to grant the nonsuit because the circuit court's order

sustaining the demurrer to the original complaint failed to expressly dismiss the case and thus

was not a final order.  We find that the circuit court's order was a final order and that

DiLeonardo failed to note a timely appeal from that order. Thus, we lack jurisdiction, and we dismiss this appeal.

## I. BACKGROUND

On June 10, 2022, DiLeonardo filed a complaint against Inova, alleging medical malpractice. The complaint expressly alleged that Inova had withheld documents relevant to the suit. Inova demurred. The parties then submitted an agreed order sustaining the demurrer and requiring Inova to provide DiLeonardo with a complete record of his medical treatment and to certify that they had done so. The order further granted DiLeonardo leave to file an amended complaint within 21 days of Inova's certification that they had provided complete records to DiLeonardo. The circuit court entered the agreed order on July 12, 2023.[1]

On August 8, 2023, Inova sent DiLeonardo his medical records and certified that they had completed production of the documents. The next day, Inova received confirmation from FedEx that the documents had been delivered. DiLeonardo, however, failed to timely file an amended complaint within the next 21 days as ordered by the circuit court, the circuit court did not enter a subsequent order dismissing the case, nor was the case otherwise formally removed from the court's docket.

On October 27, 2023, Inova moved the circuit court to dismiss the case, asserting that because DiLeonardo "did not file an Amended Complaint in the time allotted, [Inova] is entitled to a dismissal with prejudice."[2] In response, on November 6, 2023, DiLeonardo moved the circuit court to nonsuit his case.

---

[1] The order reads, in relevant part, as follows: "Defendants' Demurrer is granted. It is further ORDERED that Defendants are to provide complete records regarding their treatment of the Plaintiff and certify that the production is complete. Within twenty-one (21) days of Defendants' certification Plaintiff shall have the right to file an Amended Complaint."

[2] Inova renewed the motion to dismiss on January 5, 2024.

- 2 -

At a hearing held on January 24, 2024, regarding the competing motions, Inova represented that they filed the motion to dismiss because the case "was never formally removed from the court's docket" and they "needed a way to get before the court to bring that to the court's attention." After hearing the arguments of both parties, the circuit court held that its order sustaining the demurrer with leave to amend became final on August 30, 2023, 21 days after Inova's certification. Hence, the circuit court concluded that it "lack[ed] jurisdiction at this time to address substantive matters and, therefore, would order that the matter be stricken from the docket. It should have already been done." "[C]ertainly," the court continued, "an order entered striking the matter from the court's docket nunc pro tunc to the 30th of August is something that would be appropriate to be entered."

On January 29, 2024, the circuit court entered that order ruling that "the Court's July 12, 2023 order is sufficient to dispose of this claim pursuant to Virginia Supreme Court Rule 1:1(c) as Plaintiff did not file an Amended Complaint within the specific time provided after the Court sustained Defendants' Demurrer with leave to amend." The circuit court further ordered that it lacked jurisdiction to consider DiLeonardo's motion to nonsuit, and it struck the case from its docket "as of August 30, 2023, as this matter was dismissed with prejudice on that date pursuant to Virginia Supreme Court Rule 1:1(c)." DiLeonardo then filed his notice of appeal—appealing the circuit court's January 29, 2024 order—on February 26, 2024.

II. ANALYSIS

A. *Standard of Review*

We review questions concerning a court's jurisdiction de novo. *Johnson v. Johnson*, 72 Va. App. 771, 777 (2021). In addition, whether a particular order is a final judgment presents a question of law that we review de novo. *See Ritchie v. Commonwealth*, 74 Va. App. 328, 332 (2022). "In conducting de novo review '[w]e apply the plain meaning of the language in the [rule] unless it is ambiguous or applying the plain language leads to an absurd result.'" *Sidar v. Doe*, 80

- 3 -

Va. App. 579, 585 (2024) (alterations in original) (quoting *Northcraft v. Commonwealth*, 78 Va. App. 583, 593 (2023)).

B. *This Court lacks jurisdiction to consider the merits of DiLeonardo's appeal.*

DiLeonardo first assigns error to the circuit court for finding that the July 12, 2023 order was a final order. In support, he contends that the order was not final because it did not expressly dismiss the case and that the circuit court's interpretation of Rule 1:1(c) was "not consistent with a plain meaning reading of the Rule." He also assigns error to the circuit court both for determining that it lacked jurisdiction over the matter and for not granting his motion to nonsuit. However, DiLeonardo acknowledges that this Court's holding on his first assignment of error "is dispositive of the remaining two assignments of error."

"Before addressing the merits of an appeal, we first must determine whether we have jurisdiction." *Minor v. Commonwealth*, 66 Va. App. 728, 737 (2016). Since we find that the July 12, 2023 order is the final order in this case, we lack jurisdiction to reach the merits of this appeal because DiLeonardo failed to timely file his appeal.

1. The July 12, 2023 order became a final order when DiLeonardo failed to timely file an amended complaint.

"All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "That rule is 'mandatory in order to assure the certainty and stability that the finality of [a] judgment[] brings.'" *Dobson v. Commonwealth*, 76 Va. App. 524, 529 (2023) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002)). Absent a statutory exception, once the 21-day period has expired, the trial court is "without jurisdiction in the case." *Id.* (quoting *Super Fresh*, 263 Va. at 563). "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019).

- 4 -

"Unless otherwise provided by rule or statute," to be final an order must "dispose[] of the entire matter before the court, including all claim(s) and all causes of action against all parties."[3] Rule 1:1(b). Rule 1:1(c) establishes when an order sustaining a demurrer disposes of a claim or a cause of action:

> An order sustaining a demurrer or sustaining a demurrer with prejudice or without leave to amend is sufficient to dispose of the claim(s) or cause(s) of action subject to the demurrer, even if the order does not expressly dismiss the claim(s) or cause(s) of action at issue. *An order sustaining a demurrer and granting leave to file an amended pleading by a specific time is sufficient to dispose of the claim(s) or cause(s) of action subject to the demurrer*, if the amended pleading is not filed within the specific time provided, *even if the order does not expressly dismiss the claim(s) or cause(s) of action at issue*.

(Emphases added).

Rule 1:1(c) is unambiguous. When a circuit court sustains a demurrer with leave to amend by a specific time and "an amended pleading is not filed within the specific time provided," the order sustaining that demurrer "is sufficient to dispose of the claim(s) or cause(s) of action subject to the demurrer." *Id.* This is true "even if the order does not expressly dismiss the claim(s) or cause(s) of action at issue." *Id.* The order becomes final if no amended pleading is filed within the specified time.

Here, the circuit court initially sustained Inova's demurrer to DiLeonardo's complaint without prejudice by order dated July 12, 2023. The circuit court also ordered Inova to produce in discovery DiLeonardo's complete medical record related to his treatment and to further certify that the production of such medical records was complete. The order then granted DiLeonardo leave to

---

[3] A final order must also "give[] all the relief contemplated[] and leave[] nothing to be done by the court except the ministerial execution of the court's . . . order." Rule 1:1(b). DiLeonardo does not argue, nor do we express an opinion on, whether the order in this case "g[a]ve[] all the relief contemplated[] and le[ft] nothing to be done by the court except the ministerial execution of the court's . . . order."

file an amended complaint within 21 days of said certification. Inova certified that they had produced the medical records on August 8, 2023, and received confirmation that the records had been delivered to counsel for DiLeonardo the following day on August 9, 2023. DiLeonardo has not contested that the complete medical records were delivered on August 9, nor did he seek an extension of time to file an amended complaint from the circuit court. Thus, pursuant to the plain language in the circuit court's order, DiLeonardo failed to file his amended complaint on or before August 30, 2023, as required by the circuit court's July 12, 2023 order. Because he failed to timely file the amended complaint, the circuit court's order sustaining the demurrer became final on August 30, 2023. Rule 1:1(c).

On brief, DiLeonardo asserts that the order sustaining the demurrer was not a final order because it did not expressly dismiss the case. But Rule 1:1(c), which became effective on November 1, 2018, does not require the circuit court to enter a separate dismissal order, and DiLeonardo's reliance on earlier precedent is misplaced.[4] Rule 1:1(c) clearly provides that "[a]n

---

[4] DiLeonardo cites to *Parker v. Carilion Clinic*, 296 Va. 319, 330 (2018), on brief in support of his position that to be final, an order sustaining a demurrer must expressly provide for dismissal. But as Inova points out, *Parker* was decided on November 1, 2018—the same day that Rule 1:1(c) became effective. Rule 1:1(c) was not invoked, applied, or interpreted in that case. *Parker* applied the longstanding rule in Virginia that "an order merely sustaining a demurrer is not final, but an order dismissing a case is final." *Parker*, 296 Va. at 329; *see also Norris v. Mitchell*, 255 Va. 235, 239 (1998); *Bibber v. McCreary*, 194 Va. 394, 395 (1952). Under the rule applied in *Parker*, if an order sustaining a demurrer did not "go further and dismiss the case," it was not a final order. *Norris*, 255 Va. at 239; *Bibber*, 194 Va. at 395. And "if the order also g[a]ve[] the plaintiff leave to amend, it d[id] not become final 'until after the time limited therein for the plaintiff to amend his [pleading] has expired.'" *Norris*, 255 Va. at 139 (quoting *London-Virginia Min. Co. v. Moore*, 98 Va. 256, 257 (1900)); *see also Parker*, 296 Va. at 329 (noting that "a trial court may enter an order dismissing a case if an amended complaint is not filed before a specific deadline"). For example, in *Berean Law Group, P.C. v. Cox*, 259 Va. 622, 624-627 (2000), our Supreme Court held that an order sustaining a demurrer and stating that "plaintiff's action against [the defendants] shall STAND DISMISSED unless on or before September 17, 1998, the plaintiff shall file an Amended Motion for Judgment . . . leave to file such an Amended Motion for Judgment being hereby GRANTED" became final "upon plaintiff's failure to file an amended motion within the specified time." In that case it was the "express language" in the order sustaining the demurrer that caused it to become final "upon the plaintiff's failure to file an amended motion within the specified time." *Id.* Here, there is no

- 6 -

order sustaining a demurrer and granting leave to file an amended pleading by a specific time is sufficient to dispose of the claim(s) or cause(s) of action subject to the demurrer . . . *even if the order does not expressly dismiss the claim(s) or cause(s) of action at issue*." (Emphasis added). Therefore, the agreed order sustaining the demurrer and granting leave to amend was "sufficient to dispose of" DiLeonardo's cause of action and—there being no argument that the order was not otherwise sufficiently final—it became a final order upon DiLeonardo's failure to timely file an amended complaint. Thus, the circuit court lacked jurisdiction to grant DiLeonardo's untimely motion to nonsuit.

DiLeonardo also contends that the circuit court's interpretation is inconsistent with the plain meaning of Rule 1:1(c) because it fails to give meaning to the words "is sufficient to." He maintains that such an interpretation of the rule is equivalent to replacing the words "is sufficient to" with the word "shall."[5] We disagree. "Sufficient" is synonymous with "enough." *Sufficient*, *Webster's Third New International Dictionary* (2002) (defining "sufficient" as "marked by quantity, scope, power, or quality to meet with the demands, wants, or needs of a situation or of a proposed use or end"); *see also Sufficient*, *American Heritage Dictionary* (Houghton Mifflin, 5th ed. 2011) (defining "sufficient" as "[b]eing enough as is needed; adequate; enough"). Moreover, in the legal context, "sufficient" is defined as "[l]egally adequate; equal to a proposed legal end." *Sufficient*, *Black's Law Dictionary* (12th ed. 2024). Thus, we hold that here the order sustaining the demurrer

---

express language providing for conditional dismissal. But there is Rule 1:1(c), which provides for finality all the same. While in the interest of judicial economy it may have been advisable for the July 12, 2023 order sustaining the demurrer and granting leave to amend for a specific time to have included language indicating finality in the event DiLeonardo failed to file the amended complaint, it is not necessary pursuant to Rule 1:1(c).

[5] Equating the words "is sufficient to" with "shall" would conflict with the Supreme Court's conscious effort to use more specific directive language in the Rules. *See Commonwealth v. McBride*, 302 Va. 443, 449 n.2 (2023) (noting that the Court "amended a number of rules . . . to replace the word 'shall' with the word 'must' as part of an effort to clarify the use of the word 'shall'").

and granting leave to amend was sufficient—in that it was enough or legally adequate—to dispose of the claim and thus was a final order.

Finally, DiLeonardo asserts that "[i]t would be nonsensical that an order granting a demurrer without dismissal language is not a final order, but an order granting a demurrer with leave to amend and without dismissal language does become a final order." We find this argument unconvincing. Rule 1:1(c) applies with equal force to "[a]n order sustaining a demurrer or sustaining a demurrer with prejudice *or without leave to amend*" and to "[a]n order sustaining a demurrer and granting leave to file an amended pleading by a specific time." (Emphasis added). In both cases, the effect is the same: the order is "sufficient to dispose of the claim(s) or cause(s) of action . . . even if the order does not expressly dismiss the claim(s) or cause(s) of action." *Id.* The difference is that where leave to amend is granted, the finality is delayed until after "the amended pleading is not filed within the specific time provided." *Id.* Here, leave to amend was granted for a specific time—within 21 days of Inova's certification that it had provided complete medical records to DiLeonardo. Although the order had no express dismissal language, it was sufficient to dispose of DiLeonardo's claim under Rule 1:1(c), and no further language regarding finality was required.

2. DiLeonardo's notice of appeal was untimely filed.

Because the July 12, 2023 order became final on August 30, 2023, DiLeonardo's notice of appeal—filed on February 26, 2024—was untimely.

> Except as otherwise provided by statute, no appeal will be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court under Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal, and at the same time transmits, mails, or delivers a copy of such notice to all opposing counsel.

Rule 5A:6. The final order in this case was entered on July 12, 2023, and it became final on August 30, 2023—after DiLeonardo failed to timely file an amended complaint upon delivery of the complete medical records. "Absent a statutory provision stating otherwise, an order must be *both*

- 8 -

entered *and* final before the 30-day period for filing a notice of appeal commences." *Parker v. Carilion Clinic*, 296 Va. 319, 330 (2018) (applying Rule 5:9 to an order sustaining a demurrer and granting leave to amend, which provided that if the plaintiff did not amend her complaint, "the case is dismissed with prejudice").[6]  Thus, the 30-day period for filing a notice of appeal commenced on

---

[6] Although *Parker* was decided on the same day Rule 1:1 was amended by adding its current provisions in separate subsections, the finding in *Parker* that an order must be both entered and final before triggering the 30-day period for filing a notice of appeal remains determinative here as well because Rule 1:1(a) contains the same relevant language that Rule 1:1 previously contained when *Parker* was decided.  "The date of entry of any final judgment, order, or decree is the date it is signed by the judge either on paper or by electronic means in accord with Rule 1:17."  Rule 1:1(a).

In *Parker*, "the circuit court entered an order sustaining Carilion's demurrers but granting Parker 21 days within which to amend her complaint," "provid[ing] that if she did not do so, 'the case is dismissed with prejudice.'"  *Parker*, 296 Va. at 328.  Parker failed to file an amended complaint and did not appeal the order within 30 days of its entry.  *Id.*  But she did file a notice of appeal within 30 days of when "the time for amendment lapse[d]."  *Id.*  The Court in *Parker* was thus presented with the question of whether "Rule 1:1's definition of when such an order is *entered* controls for the purpose of the 30-day deadline that Rule 5:9(a) imposes."  *Id.*

The Court then held that the "date of entry" language from Rule 1:1—now in Rule 1:1(a)—was not determinative of when "the 30-day period for filing a notice of appeal commences."  *Parker*, 296 Va. at 330.  The Court reasoned:

> [A] trial court may enter an order dismissing a case if an amended complaint is not filed before a specified deadline.  In such cases, there is no dismissal if the plaintiff files the amended complaint before the deadline and the order thus never becomes final.  Dismissal—and finality—occur only when the deadline expires without the filing of an amended complaint.

*Id.* (internal citation omitted).  Hence, although the holding of *Parker* only addresses when the period for filing a notice of appeal commences regarding an order sustaining a demurrer and granting leave to amend in the context of express conditional dismissal language, the essential reasoning of *Parker*—that finality could not have occurred until the plaintiff failed to file an amended complaint—is applicable to the case at bar.  Thus, we apply the ratio decidendi of *Parker* to find that the date the order *became final* pursuant to Rule 1:1(c) marked "the commencement of the 30-day period for filing a notice of appeal."  *Id.* at 329-30; *Commonwealth v. Holland*, __ Va. __, __ n.6 (Jan. 16, 2025) ("'Stare decisis' applies not merely to the literal holding of the case, but also to its ratio decidendi—the essential rationale in the case that determines the judgment." (quoting *Womack v. Commonwealth*, 82 Va. App. 289, 303 (2024))); *see also* Rule 5:9; Rule 5A:6.

August 31, 2023, and expired without DiLeonardo having filed a notice of appeal. *See Parker*, 296 Va. at 330; Rule 5A:6; Code § 1-210.

Because failure to comply with the time limitations of Rule 5A:6 is jurisdictional, the notice of appeal filed on February 26, 2024, was ineffective to confer appellate jurisdiction concerning the merits of this appeal. *See Johnson v. Commonwealth*, 1 Va. App. 510, 512 (1986); *see also Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021) ("In order to confer active jurisdiction on an appellate court, a notice of appeal must be timely . . . ."). To the extent that the circuit court may have ruled on any substantive matters in its January 29, 2024 order, those rulings would have been nullities because the circuit court's jurisdiction expired 21 days after the July 12, 2023 order became final on August 30, 2024—i.e., expired on September 20, 2024. Rule 1:1(a); *Parker*, 296 Va. at 329-30.[7] Hence, DiLeonardo's filing of a notice of appeal within thirty days of the entry of that January 29, 2024 order did not confer jurisdiction upon this Court to review determinations that the circuit court had no jurisdiction to make. Thus, we must dismiss this appeal for lack of jurisdiction.

III. CONCLUSION

For the foregoing reasons, we lack jurisdiction to reach the merits of DiLeonardo's appeal and must dismiss the appeal.

*Dismissed.*

---

[7] Again, we apply the ratio decidendi of *Parker* in finding that the circuit court's jurisdiction expired 21 days after the order became final on August 30, 2023, not the date of entry, July 12, 2023. *See Parker*, 296 Va. at 330 ("Absent a statutory provision stating otherwise, an order must be *both* entered *and* final before the 30-day period for filing a notice of appeal commences."); *Holland*, __ Va. at __ n.6.