COURT OF APPEALS OF VIRGINIA

Present:     Judges Fulton, Causey and Lorish
Argued by videoconference


DIANNE GILES, ET AL.

MEMORANDUM OPINION* BY
v.          Record No. 1358-23-2                    JUDGE LISA M. LORISH
                                                        MAY 13, 2025

HAMLET CONDOMINIUM HOMEOWNERS'
  ASSOCIATION, INC.


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

David N. Goldman (Henry W. McLaughlin; Law Office of Henry
McLaughlin, P.C., on briefs), for appellants.[1]

Lori Elliott Jarvis (Sung Che Jo; Wilson, Elser, Moskowitz,
Edelman & Dicker LLP, on brief), for appellee.


Dianne and Wesley Giles purchased a condominium unit in 2013 from a seller who is not

a party to this litigation. In 2021, after the condo suffered water damage, the Gileses learned that

there was asbestos in the flooring. They sued the Hamlet Condominium Homeowners'

Association, Inc., alleging that Hamlet defrauded them by failing to disclose the presence of the

asbestos and that they suffered damages from this nondisclosure. The circuit court granted

Hamlet's demurrer for failing to sufficiently plead any actionable theory of fraud, as the Gileses

had failed to plead that Hamlet had any duty to disclose. We affirm that conclusion here.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Goldman entered the case to represent the Gileses after briefing was completed in this
matter.

BACKGROUND[2]

The Gileses purchased a condo unit in Henrico County, Virginia in 2013. At purchase, Hamlet gave the Gileses a copy of the homeowner associations' bylaws, which provided, *inter alia*, "that . . . Hamlet bore the duty and cost to make needed repairs within the Condominium except for needed repairs where a unit owner had reasonable ability to inspect."

In 2018, there was water damage to the unit. In April 2021, Hamlet agreed to correct problems in the flooring of the unit but did not tell the Gileses that the unit had asbestos or that water cannot mix with asbestos. The next month, "a member of management of the Hamlet, Mellsa Reed, told Dianne Giles that there was asbestos in the floor." The Gileses allege that asbestos is a serious but hidden health risk and that the danger is only triggered upon its contact with water. According to the Gileses, Hamlet then blamed the water leak on the Gileses and they were forced to pay for most of the cost of removing the asbestos and the floor repair.

The Gileses sued, alleging everything recited above. Their amended complaint[3] alleged that Hamlet's representation in the bylaws that it would make needed repairs was intentionally false because Hamlet knew and concealed the fact that there was asbestos embedded in the flooring. The Gileses also alleged that, at the time of purchase, they reasonably relied on the assertion in the bylaws that Hamlet would repair areas such as the flooring in their condo unit. Further, according to the Gileses, Hamlet "engaged in . . . fraudulent concealment," and because of Hamlet's fraudulent concealment and "affirmative fraud," the Gileses had to pay for repair of

---

[2] When an "appeal arises from the grant of a demurrer, we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff[s]," in this case, the Gileses. *Sweely Holdings, LLC v. SunTrust Bank*, 296 Va. 367, 370-71 (2018) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). We review all conclusions of law de novo. *Coward*, 295 Va. at 359.

[3] The original complaint was dismissed on Hamlet's demurrer, and the Gileses were permitted to file an amended complaint.

the unit, lost equity in the unit and interest on their losses, and suffered emotional distress. They alleged that they would continue to suffer these losses. The Gileses sought compensatory damages for their economic harm and for emotional distress in the amount of $80,000 as well as $350,000 in punitive damages and attorney fees.

Hamlet demurred, arguing that the Gileses failed to state a cause of action for fraud and fraudulent concealment because the bylaws did not create a legal duty compelling Hamlet to have disclosed the asbestos within the Gileses' condo unit. The demurrer also argued that the amended complaint failed to allege facts showing that Hamlet knew of the condition at the time of sale, or at the time the Gileses received the bylaws. Finally, Hamlet argued that the Gileses failed to allege fraud with sufficient particularity. In a memorandum in support of its demurrer, Hamlet argued that Virginia follows the *caveat emptor* rule that buyers are required to exercise diligence in purchasing real estate.

In response, the Gileses argued that Hamlet was contractually obligated to make needed repairs within their condo unit under the bylaws. They also argued that Hamlet had a common law duty "against fraud" because there was a relationship between Hamlet and the Gileses, "which was memorialized by the by-laws."

The circuit court concluded the Gileses failed to allege sufficient facts to support their fraud claim and sustained the demurrer. The Gileses now appeal.

ANALYSIS

The Gileses appeal the circuit court's decision to sustain Hamlet's demurrer. A demurrer tests the legal sufficiency of the allegations in the complaint. *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 255 (2017). A court will sustain a demurrer when the allegations fail to state a cause of action upon which relief may be granted. *Wilburn v. Mangano*, 299 Va. 348, 353 (2020). On appeal, "we accept as true all properly pled facts and all inferences

fairly drawn from those facts," and review a court's decision to sustain or overrule a demurrer de novo. *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 557-58 (2011) (quoting *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 356-57 (2010)).

The Gileses assign error to four of the circuit court's decisions. They first challenge the circuit court's conclusion that Hamlet had no duty to disclose the presence of asbestos inside the condo unit because they argue that the complaint alleged (1) that the "by-laws required [Hamlet] to repair the asbestos problem," (2) that "Hamlet intentionally hid" the problem, and (3) that Hamlet knew such concealment would harm the Gileses. Then, the Gileses assign error to the various aspects of the court's findings about whether the complaint sufficiently alleged damages from the supposed fraudulent concealment. Because we agree that the complaint failed to plead any theory under which Hamlet had a duty to disclose and that the circuit court properly dismissed the claim for fraudulent concealment, it is not necessary to address whether the complaint sufficiently alleged damages.

To state a "valid claim of fraud," "[g]eneralized, nonspecific allegations . . . are insufficient." *Ward's Equip. v. New Holland N. Am.*, 254 Va. 379, 385 (1997). The pleading "must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295 (1996) (alteration in original) (quoting *Ciarochi v. Ciarochi*, 194 Va. 313, 315 (1952)). *See also Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858 (1978) (requiring that allegations of fraud not be "too vague, indefinite, [or] conclusory").

- 4 -

The Gileses allege that Hamlet fraudulently concealed the presence of the asbestos in the condo.[4]  "Proof of fraud by nondisclosure 'requires evidence of a knowing and deliberate decision not to disclose a material fact.'"  *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 368 (2003) (quoting *Lambert v. Downtown Garage*, 262 Va. 707, 714 (2001)).  "Before nondisclosure may constitute fraud . . . there must be a suppression of facts which one party is under a legal or equitable obligation to communicate to the other, and which the other party is entitled to have communicated to him."  *Doe v. Baker*, 299 Va. 628, 656 (2021) (alteration in original) (quoting *Jane Doe 43C v. Diocese of New Ulm*, 787 N.W.2d 680, 687 (Minn. Ct. App. 2010)).  For this reason, "[s]ilence does not constitute concealment in the absence of a duty to disclose."  *Id.* at 655 (alteration in original) (quoting *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 827 (4th Cir. 1999)).  Such a duty to disclose would exist when the parties were in a "confidential or fiduciary relationship" with one another, or "when disclosure would be necessary to clarify information already disclosed, which would otherwise be misleading."  *Id.* at 656 (quoting *Jane Doe 43C*, 787 N.W.2d at 687).

There are many examples in our caselaw applying the rule that nondisclosure is not fraud unless the nondisclosing party is under a legal duty to disclose.  In *Doe v. Baker*, for instance, a complaint alleged that a church failed to disclose prior allegations of abuse made against a former pastor.  299 Va. at 655.  Because the complaint failed to allege that the church or church officials owed a duty to the appellant or other congregants, for example, and because "there was no special relationship" between the parties, "their silence [could not] constitute concealment."  *Id.* at 656.  Likewise, in *Norris v. Mitchell*, 255 Va. 235 (1998), homeowner plaintiffs failed to

---

[4] While the complaint might also be read to plead a theory of fraud by misrepresentation, prior counsel for the Gileses clarified in a reply brief that "the Gileses did not plead any affirmative misrepresentation, rather pled fraudulent concealment."  As a result, this is the only theory we consider here.

allege that the sellers or the real estate agent had a duty to highlight the fact that the septic system in the home could be used only in the summer and not year-round. *Id.* at 238, 241. Instead, the Supreme Court explained that *caveat emptor* generally puts the obligation on a buyer to discover defects which a reasonable purchaser would notice upon inspection "unless the sellers did or said anything to 'divert [the purchasers] from making the inquiries and examination which a prudent man ought to make.'" *Id.* (alteration in original) (quoting *Horner v. Ahern*, 207 Va. 860, 864 (1967)).

Fraud by nondisclosure also requires evidence of an intent to conceal. In *Doe v. Baker*, the complaint also failed to allege fraudulent concealment because it failed to state facts sufficient to show that the church "intentionally concealed operative facts" about the pastor's previous sexual misconduct, "as opposed to negligently or recklessly failing to disclose them." 299 Va. at 656. Our Supreme Court in *Cohn* also rejected a claim for fraud by nondisclosure where an employee alleged that a potential employer failed to disclose a fellow employee's bias against working with women. 266 Va. at 368. Because the appellant there failed to produce evidence that the employer was aware of this bias *or intentionally concealed* this bias, the Court found that the claim was not sufficiently pleaded. *Id.* Finally, in *Norris*, the complaint failed to allege that the sellers or their agent made a deliberate and knowing decision to conceal the septic restrictions, for example, by diverting the buyers' attention away from the septic permit. 255 Va. at 241.

Here, the Gileses pleaded that "[a]t the time when the by-laws were delivered . . . Hamlet knew and concealed from the Gileses that there was a very dangerous condition in the unit, unknown to the Gileses, namely asbestos embedded in the Parquet flooring of the unit" and that this "constituted a serious hidden health risk to the Gileses and any occupant of the unit." But the complaint does not allege the existence of any duty requiring Hamlet, as the homeowners'

association, to have disclosed anything to the Gileses, who purchased the condo from a third party.  In fact, the Gileses concede in their reply brief that they "never claimed that the defendant had any such duty" to disclose the presence of the asbestos and that "[r]ather, the Gileses pled that the defendant affirmatively took on the duty of repair . . . ."  Their assignment of error clarifies that the Gileses' argument has always been that "Hamlet's by-laws required it to repair the asbestos problem."

The failure to plead any duty—a "legal or equitable obligation to communicate to the other"—is fatal to the Gileses' fraudulent concealment claim.  *Doe*, 299 Va. at 656.  Any "duty" stemming from the bylaws would be contractual in nature.  And "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts."  *Filak v. George*, 267 Va. 612, 618 (2004).[5]  In addition, the Gileses failed to plead that Hamlet had any intent to conceal the presence of the asbestos.  The Gileses pleaded only that they received a copy of the bylaws from Hamlet when they bought the condo unit and that eight years later, and three years after the water damage occurred, a member of Hamlet's management team told them that there was asbestos in the floor.

The circuit court was therefore correct to grant Hamlet's demurrer and dismiss the amended complaint.

CONCLUSION

For these reasons, the judgment of the circuit court is affirmed.

*Affirmed*.

---

[5] The only exception to this rule is for a fraudulent inducement of contract claim.  Such claims "logically preexist before the contract [was] allegedly induced and thus stand as a viable tort claim."  *Nestler v. Scarabelli*, 77 Va. App. 440, 463 (2023) (alteration in original) (quoting *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 82 n.11 (2019)).